(No. 37838.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER MACKEY, Plaintiff in Error.

*Opinion filed January 22, 1964.*

CHARLES T. BOOKER, JR., of Chicago, appointed by the court, for plaintiff in error.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Chester Mackey, was tried by a jury in the criminal court of Cook County, and on January 23, 1962, was found guilty of rape. He was sentenced by the court to 20 to 60 years in the penitentiary. Defendant prosecutes this writ of error to review his conviction.

The prosecuting witness, Lorraine Spencer, worked as a clerk in a cleaning establishment in Chicago on August 25, 1961. About 4:45 P.M. two men entered the store. She testified that the defendant drew a gun and forced her to the back of the store where he raped her. On September 28, 1961, she identified the defendant in a police line-up and again positively identified him at the trial.

Charles Williams testified that he was with Mackey when they entered the store to rob it, and corroborated Lor-

raine Spencer's testimony that the defendant took her to the back of the store, and further testified that defendant admitted the rape.

The defendant and one Evans testified that Williams had implicated the defendant because of police beatings and to obtain probation on a charge of robbery. The defendant denied the rape of Mrs. Spencer.

The defendant argues that he was not sufficiently identified as a participant in the robbery and rape; that the court erred in refusing to allow Mrs. Spencer's original description of defendant given to the police to be read into evidence; that the court erred in not permitting the jury to fix the punishment; and that the State's Attorney was guilty of inflammatory remarks in final argument.

We think there is no merit to the argument of inadequate identification. The prosecuting witness positively identified the defendant in a police line-up and at the trial. Her natural nervousness after the attack in no way vitiates her testimony. When coupled with the testimony of the accomplice Williams, the identification of the defendant was clear beyond a reasonable doubt.

The prosecuting witness had given the police a description of her attacker, which was apparently reduced to writing, shortly after the rape. During the cross-examination of the prosecuting witness a demand was made to produce the statement, but no use was made of it at that time. She was again cross-examined after her rebuttal testimony and stated that she described one of the robbers as being between 21 and 22 years of age, about five feet eight inches in height. She said she described the other as 24 to 25 years of age and about five feet one. After both sides had rested, counsel for defendant asked to read into the record the description given to the police. The request was refused, and we think properly so. The content of the statement is not disclosed by the record, and no attempt was made to identify it or introduce it into evidence during the trial.

After both sides had rested, it was clearly within the discretion of the court to refuse to permit the defense to reopen the case to read a statement not offered or received in evidence and which was not shown to be impeaching.

Under the present Criminal Code (Ill. Rev. Stat. 1961, chap. 38, par. 1—7(b)), all penalties are to be fixed by the judge, subject to certain limitations, rather than by the jury. This procedural statute is applicable to all cases in which a verdict is reached after January 1, 1962, the effective date of the act, even though the offense occurred prior to that time. (*People* v. *Johnson,* 23 Ill.2d 465, 470.) The court therefore properly sentenced the defendant upon the verdict of guilty returned January 23, 1962.

When the prosecuting witness was asked to identify the defendant in the courtroom, she stated: "I see that animal right over there." Upon objection the witness was admonished not to characterize, and the remark was stricken. In final argument the assistant State's Attorney stated: "She pointed him out in the courtroom with no hesitation, 'That is the animal.' " No objection was made to this argument. However, we may still consider the assignment of error if the argument is so seriously prejudicial as to prevent the defendant from receiving a fair trial. (*People* v. *Fort,* 14 Ill.2d 491.) We consider the prosecutor's remark, like that of the prosecuting witness, to be an improper characterization. However, the case is not close on the facts, (*cf. People* v. *Fort,* 14 Ill.2d 491; *People* v. *Kirkendoll,* 415 Ill. 404) and we do not believe that the single objectionable reference to the defendant in final argument could have affected the verdict of the jury.

It is our conclusion that the defendant received a fair trial and was properly found guilty by the jury and sentenced by the court. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*