People of the State of Illinois, Defendant in Error, v. Martin Tajra (Impleaded), Plaintiff in Error.

Gen. No. 49,746.

First District, First Division.

April 26, 1965.

Donald H. Craigmile, of La Grange Park, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant, Martin Tajra, was tried for murder together with Herman L. Bernette and Samuel Young. The jury found them guilty and fixed Bernette's punishment at death. The court imposed sentences upon Young and Tajra, giving the latter imprisonment in the penitentiary for a term of not less than 75 years nor more than 150 years.

Herman Bernette appealed to the Illinois Supreme Court, People v. Bernette, 30 Ill2d 359, 197 NE2d 436 (1964), which court reversed and remanded his cause for a new trial.

Samuel Young, in a separate appeal before the Supreme Court, on August 19, 1964, moved to extend the findings of the Bernette case to his benefit thereby relieving him of filing an abstract, brief and reply, and to reverse and remand his cause for a new trial. The Supreme Court, on September 22, 1964, granted Young's motion and entered an order reversing and remanding his case for a new trial.

In his appeal Tajra charges that the trial court erred in: (1) admitting the joint statement into evidence against him and failing to allow his motion for severance; (2) allowing the State to present highly prejudicial evidence concerning the deceased's spouse and family; (3) making prejudicial remarks depriving him of a fair trial; (4) allowing defendant to be tried and sentenced under the Criminal Code of 1961, thus depriving him of his substantial right to be sentenced by the jury and to receive a determinate sentence; (5) unduly and arbitrarily restricting and limiting cross-examination; (6) in refusing one of defendant's tendered instructions; and (7) denying motions based upon the sufficiency of proof of defendant's guilt beyond a reasonable doubt.

Defendant Tajra filed his separate appeal to the Illinois Supreme Court which court was of the opinion it had no jurisdiction on direct appeal, and transferred the matter to this court. Thereafter, Tajra filed before us a motion similar to that of Young (to extend the findings of the Bernette case to his appeal) and we took the matter with the case.

The facts and circumstances of the trial are fully described in People v. Bernette, 30 Ill2d 359, 197 NE2d 436, and all need not be repeated here. On pp 370, 371 the court said:

At the immediate outset of the direct examination of Mrs. Williams, widow of the murder victim, the prosecutor, without objection by the defense, propounded specific questions which elicited answers that her present address was in Madison, Wisconsin; that she lived there with her four children and a baby sitter; that her oldest child was six years and the youngest seven months; and that the youngest was the only one of the children born of her marriage to the deceased. During final argument to the jury, the prosecutor stated at one point concerning the decedent: ". . . he had a wife, he had a child and he had a right—he was only 20 years old when he died—to be with that family and to pursue his life and liberty." Defendant contends that such evidence and such argument, which he sees as relating to punishment to be given to the consequences suffered by the victim's family, were irrelevant and highly prejudicial and served only to infuriate and inflame the jury against him.

A defendant's guilt must be established by legal and competent evidence, uninfluenced by bias or prejudice raised by irrelevant evidence and, in such connection, this court has consistently

condemned the admission of evidence that the deceased left a spouse and a family, inasmuch as such evidence has no relationship to the guilt or innocence of the accused or the punishment to be inflicted upon him, but serves ordinarily only to prejudice him in the eyes of the jury. (Filippo v. People, 224 Ill 212, 217; People v. McMahon, 244 Ill 45; People v. Gormach, 302 Ill 332; People v. Jackymiak, 381 Ill 528; People v. Dukes, 12 Ill2d 334.) *From these cases has developed the rule that where testimony in a murder case respecting the fact the deceased has left a spouse and a family is not elicited incidentally, but is presented in such a manner as to cause the jury to believe it is material, its admission is highly prejudicial and constitutes reversible error unless an objection thereto is sustained and the jury instructed to disregard such evidence. In like manner, we have held that jury argument by the prosecution which dwells upon the decedent's family or seeks to relate a defendant's punishment to the existence of family is inflammatory and improper.* People v. Gregory, 22 Ill2d 601; People v. Dukes, 12 Ill2d 334. (Emphasis ours.)

The court further held that the reference to decedent's family was not fleetingly and incidentally brought to the notice of the jury, but was presented by a series of questions in such a manner as to permit the jury to understand that it was a proper and material matter to be proved. Further doubt of this was removed when the prosecutor went to the extreme of eliciting the ages of the children involved. Continuing further, the court said (pp 372, 373):

And while no objection was made by the defense to the admission of such evidence, we believe, apart from considerations of a later claim

that defendant's counsel was incompetent for not objecting, that the irrelevancy and highly prejudicial nature of such evidence is so well established that it was the duty of the court in a murder case to have refused it on its own motion. (Citations omitted.) It is always the duty of a trial court to control proceedings to insure that the accused receives a fair and impartial trial.

The State argues that the reversal and remandment in the Bernette case was predicated upon the relationship of the family references to the jury's selection of the death penalty, and that the question there was whether that jury punishment resulted in part from prejudice created by improper argument and the improper evidence. We do not believe so. The language of the Bernette case applies the rule to any murder case. The authorities cited in connection therewith, such as Filippo, McMahon, Gormach and Gregory, were cases where the death penalty was not inflicted. The State may argue that in the present case the jury did not determine defendant's punishment, but only his guilt or innocence, and that the rule, as expounded in the Bernette case, does not therefore apply.

It is clear from the language of that opinion that *"such evidence has no relationship to the guilt or innocence of the accused* or punishment to be inflicted upon him, but serves ordinarily only to prejudice him in the eyes of the jury." (Emphasis ours.) That same court extended those principles to the appeal of Young whose position is identical to that of the defendant before us.

We, therefore, hold that the decision by the Supreme Court of Illinois in People v. Bernette, 30 Ill2d 359, 197 NE2d 436, and its ruling in People v. Young, 54 Ill App2d 13, 203 NE2d 436, control our decision in this appeal.

483

The State directs our attention to the very recent opinion of the Supreme Court in People v. Golson, 32 Ill2d 398, 207 NE2d 68. It is interesting to note that the court there considered the question whether testimony and argument concerning the family of the deceased was prejudicial and cause for reversal. The court considered this allegation of error though the death penalty was not involved, saying: "We have reversed judgments of conviction where undue prominence was given to the fact that the deceased had left a family, where it appeared that this evidence and argument was used solely for the purpose of prejudicing and inflaming the jury. (People v. Dukes, 12 Ill2d 334; People v. Bernette, 30 Ill 2d 359). However, we have also refused to reverse convictions where objection has been made to testimony and argument concerning the deceased's family. In the recent case of People v. Brown, 30 Ill2d 297, [cited by the State in its brief before us] the prosecutor referred to the fact that the decedent's wife was now a widow and that his children were orphans. We held that the statement was not reversible error and pointed out that the widow had testified solely for the purpose of identifying the deceased." The court then held there was no error in Golson in this regard on the particular facts there involved.

Defendant's contention that since the crime was committed prior to the effective date of the new Criminal Code of 1961, he could not be sentenced thereunder, is disposed of by People v. Wright, 30 Ill2d 519, 198 NE2d 316 (1964); People v. Mackey, 30 Ill 2d 190, 195 NE2d 636 (1964), and People v. Johnson, 23 Ill2d 465, 178 NE2d 878 (1961). It is now well established by those cases that where the crime occurred before the effective date of the new Criminal Code, and where the trial is conducted after that

date, the defendant can properly be sentenced thereunder, that is, by the court instead of the jury.

Inasmuch as the cause must be retried we need not pass upon other errors raised herein.

For the reasons given the judgment of conviction is reversed and the cause remanded for a new trial.

Reversed and remanded.

BURMAN, P. J. and MURPHY, J., concur.