(No. 38669.—

The People of the State of Illinois, Defendant in Error, *vs.* Donald Lee DuLong, Plaintiff in Error.

*Opinion filed September 28, 1965.*

JOHN B. SCHWEMM, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE, PAUL A. O'MALLEY, and JAMES B. KLEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a bench trial in the criminal court of Cook County Donald Lee DuLong was found guilty of burglary and sentenced to the penitentiary for a term of 6 to 10 years. A writ of error has been issued to review his conviction.

In the early morning hours of May 31, 1963, the United Paint and Wallpaper Company at 1464 North Milwaukee Avenue in the city of Chicago was broken into by means of a glass window near the front doorway, and some $15.63 together with two checkbooks, was stolen. The defendant was arrested a short distance from the store shortly thereafter.

Thomas Ward, the arresting officer, testified that while on patrol in the 1600 block of Milwaukee Avenue he re-

ceived a call at 2:57 A.M. on May 31, 1963, to proceed to 1464 Milwaukee Avenue. He observed the defendant walking out of the doorway or the areaway where the glass was broken and arrested him approximately three or four doors southeast of the paint store. A search of the defendant disclosed two bound checkbooks belonging to United Paint and Wallpaper Company, one dollar in currency, and $14.63 in change in defendant's pocket. The officer further testified that immediately following the arrest and search, the defendant orally admitted kicking in the window of the paint store, emptying the cash register, and taking two checkbooks. According to officer Ward, a similar oral confession was made by the defendant at approximately 3:15 A.M. in the 13th district station.

Officer Ward related that he observed a lower section of glass adjacent to the front door of the paint store broken, and noted that the leather insteps of defendant's western-style high-heeled boots, which extended 8 to 10 inches above his ankles, showed evidence of cuts. The boots were not presented at the trial.

Detective William Simpson testified that at approximately 3:20 A.M. to 3:24 A.M. on May 31 the defendant made an oral confession to him in the presence of a detective, King. Detective King did not testify.

A partner of the United Paint and Wallpaper Company, Nate Rabin, testified that when he closed the store on May 30, 1963, at approximately 6:00 to 6:30 P.M. he left a dollar bill and some change in the cash register. Upon arriving at the store at about 4:00 A.M. on May 31, 1963, in response to a phone call, he observed that the money from the cash register and two checkbooks were missing.

The defendant testified that he had been drinking since about 9:30 or 10:00 o'clock A.M. on May 30, 1963, at a liquor store located about 2½ blocks from the burglary scene, until about 1 to 1½ hours prior to his arrest. He said that after leaving the liquor store he walked around in the

general area of the paint store. About 30 seconds prior to his arrest, while walking in a northwesterly direction in the 1400 block of Milwaukee Avenue, he saw an unidentified person run toward him, lay two checkbooks and a paper sack on the sidewalk at the corner of a side street approximately 1½ blocks from the store, and then run down an alley in the direction from which he had come. Defendant says he was arrested immediately after he took the money from the sack and placed the two checkbooks under his arm.

Defendant did not give this account of how he acquired the money until he testified at the trial. He corroborated the fact that officer Ward was alone at the time of the arrest, but he did not admit confessing to him or to any other officer. He said that after being arrested and as he was entering a squadrol he was kneed in the groin by either officer Ward or an officer with the squadrol. The defendant never made any complaint, prior to the trial, of being physically abused although he was examined by a doctor upon being admitted to the Cook County jail. The defendant maintained that he was intoxicated at the time of his arrest, and said he did not think he had explained to the police how he obtained possession of the stolen goods although they had asked him.

Defendant first contends that the trial judge unduly limited cross-examination of the State's principal witness. After the defendant testified he had been kneed in the groin while entering the squadrol, officer Ward was again called to testify. In rebuttal he said that there were two other officers present when the defendant entered the squadrol and that no one kneed the defendant in the groin. When defendant's counsel suggested that other officers were there, officer Ward made it clear that there were four persons present including the defendant, when he was placed in the squadrol. The court then sustained objections to questions concerning what occurred prior to and after the squadrol left, and as to the number of officers present before the defendant was

placed in the squadrol, as being beyond the scope of direct examination.

As a general rule the latitude to be allowed in the cross-examination of witnesses rests largely within the discretion of the trial court. (*People* v. *Halteman*, 10 Ill.2d 74,) and ordinarily should be limited to matters brought out on direct examination. (*People* v. *Matthews*, 18 Ill.2d 164; *People* v. *Smith*, 413 Ill. 218.) Although we agree that greater latitude should be given an accused to impeach the credibility of adverse witnesses, we cannot say that the trial court abused its discretion or that prejudicial error resulted in limiting the cross-examination, especially since officer Ward limited his statement that four persons were present at the time and place when defendant entered the squadrol.

Defendant also contends that the trial court's statements as to the credibility of officer Ward indicated a predisposition to believe that witness. Although the remark of the trial court pertaining to its belief that the officer was very capable may have been improper, there is nothing in the record to indicate that the court was prejudiced or that defendant did not receive a fair trial.

The defendant also urges reversal on the ground that his alleged oral confessions were improperly received in evidence because the State failed to show that they were voluntarily made, and he urges the applicability of *Escobedo* v. *Illinois*, 378 U.S. 478, 12 L. ed. 2d 977, because defendant was not warned of his right to counsel or to remain silent.

Prior to the commencement of the trial, defendant filed a written motion to suppress any statements, oral or written, for the reason that they were not voluntarily made. In response to this motion the assistant State's Attorney represented to the court that the State would not attempt to introduce into evidence a certain typewritten statement that was signed by the defendant. Thereupon, the defendant withdrew his motion to suppress.

At no stage in the trial did defendant object to the testi-

mony of officer Ward or detective Simpson concerning the alleged oral confessions of the defendant. Nor did he ask the trial court to determine whether the alleged oral confessions were obtained by constitutionally permissible means. No such claim was raised in the trial court, and no evidence on the question of voluntariness was taken, therefore the issue of whether defendant voluntarily and understandingly confessed to the police cannot be reviewed, (*People* v. *Bush,* 29 Ill.2d 367), and the *Escobedo* case is not applicable. *People* v. *Buckholz,* 32 Ill.2d 482.

Defendant's final contention is that he was deprived of his constitutional right to counsel because he was not competently represented at the trial level, and because he was not advised by counsel of his right to remain silent prior to the time of his arraignment. This latter point is without merit because defendant made the confession immediately after his arrest, obviously at a time when no counsel could have represented him and when, in fact, no request for counsel had been made.

Defendant's claim that he was not properly represented is based upon the failure of appointed counsel to object to the evidence concerning the alleged oral confessions, and the failure to make anything out of the testimony by the defendant that he was intoxicated at the time of his arrest. He therefore asserts that this incompetency of counsel amounted to no representation under the rule of *People* v. *De Simone,* 9 Ill.2d 522.

Prior to the commencement of the trial, defendant's counsel filed a motion to suppress any statement, written or oral, alleging that they were not voluntarily made. When the assistant State's Attorney indicated that the State would not attempt to introduce a typewritten signed statement of the defendant, this motion was withdrawn, and thus there remained no objection to the oral confessions. These facts do not establish incompetency.

We have carefully examined the record concerning de-

fendant's other allegation of improper representation at the trial court level and cannot say that the failure of counsel to emphasize defendant's alleged intoxication showed such incompetence as to deprive him of adequate representation.

We find that the defendant received a fair trial, that testimony concerning his oral admissions was properly admitted, and that he was adequately represented by counsel.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*