**People of the State of Illinois, Plaintiff-Appellee, v. Ollis Napper, Defendant-Appellant.**

**Gen. No. 50,699.**

First District, Fourth Division.

January 4, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (John David Dillner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant, Ollis Napper, was convicted after a jury trial of rape and was sentenced to the penitentiary for a term of not less than two nor more than twelve years.

### Contention on Appeal

Defendant's sole contention is that his identification by the complaining witness was insufficient to prove him guilty beyond a reasonable doubt.

### Evidence

According to the evidence adduced by the prosecution the complaining witness (Joann Petties, an eighteen-year-old high school student) was accosted at approximately 11:30 p. m. on April 26, 1964, as she was walking near her sister's home on South University Avenue in Chicago, Illinois; defendant grabbed her and asked if she wanted to make $5, she refused and was then grabbed by the arm; defendant put a knife to her side and they walked one and one-quarter blocks down a lighted street and then into a gangway where the rape took place. De-

452

fendant asked her name and address (she told him the address of her sister but she actually lived elsewhere with her mother), walked her to the corner and stated that he would be there at 8:00. She then ran to her sister's home, related the aforesaid events to her, and the police were called. Miss Petties described her assailant to the police as a Negro, 35 to 37 years of age, approximately four feet nine inches tall, 140 to 150 pounds and dressed in dark clothing. She also gave the description to her brother-in-law, Dennis Dupart. Approximately two weeks later defendant arrived at the Dupart home (Miss Petties' sister) and asked for Miss Petties; Dennis Dupart said that she lived down the street and would take him there; upon reaching their destination defendant pulled a knife and ran but was subsequently subdued and was taken to the emergency room at Billings Hospital for treatment of injuries suffered in his capture. Dupart testified that on the basis of his sister-in-law's description he recognized the defendant as her assailant when he knocked on the door; Dupart then went to Joann Petties and told her they had the man who attacked her, after which they went to Billings Hospital where she identified the defendant. She again identified defendant at the trial.

Defendant denied raping Joann Petties and offered the alibi that he was at home with his "common-law wife," which the latter corroborated. Defendant's explanation of his appearing at the Dupart apartment in search of Miss Petties is that he met a man named Hugo in a tavern; they began drinking and Hugo requested the defendant to pick up the former's girl; and that Hugo drove him in his car to the house to get her.* Defendant could not further identify "Hugo" and stated that he knew nothing of the man but his name. Hugo did not

---

* We note that the house was not the home of Miss Petties but that of her sister and the address was the one given by Miss Petties to her assailant.

453

testify at the trial. Defendant admitted pulling a knife on Dennis Dupart but stated that he did so only after Dupart and four others jumped on him.

## Opinion

The testimony of one witness alone, when it is positive and the witness credible, is sufficient to sustain a conviction even though the testimony is contradicted by the accused. People v. Miller, 30 Ill2d 110, 195 NE2d 694. In weighing evidence of identification the opportunity of a definite identification must be considered. People v. Stewart, 62 Ill App2d 428, 211 NE2d 154. In the instant case the complaining witness had ample opportunity to observe her assailant as they walked together down a lighted street and also as he attacked her. Moreover, she gave a complete description of her assailant to the police. During the course of the trial the jury had the opportunity to compare that description, as related in the testimony of a police officer, with the physical characteristics of the defendant. The identification was positive at all times. The fact that Miss Petties' brother-in-law informed her that they had the man who attacked her, prior to her identification of him at the hospital, goes only to the weight of the identification, not to its competency. People v. Berne, 384 Ill 334, 51 NE2d 578. The question of the defendant's identification was for the determination of the jury, which will not be disturbed because it was not so unsatisfactory or implausible as to justify a reasonable doubt of defendant's guilt. People v. Woods, 26 Ill2d 582, 187 NE2d 692.

## Holding on Appeal

We find that the defendant was proven guilty of rape beyond a reasonable doubt. Therefore the judgment of the trial court is affirmed.

Affirmed.

ENGLISH, P. J. and McCORMICK, J., concur.