**People of the State of Illinois, Plaintiff-Appellee, v. George J. Sibley, Defendant-Appellant.**

**Gen. No. 51,764.**

First District, Third Division.

March 7, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Norman W. Fishman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Richard A. Rinella, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

A jury found George Sibley guilty of armed robbery and he was sentenced to the penitentiary for a term of fifteen to twenty-five years.

On appeal he contends that reversible error was committed by the trial judge in limiting the cross-examination of a State's witness concerning the circumstances of his identification, and that the closing argument of the assistant State's attorney deprived him of a fair trial.

■■■■■■■

Mrs. Katherine Axelrod was returning home about 9:00 p. m. when she noticed a woman walking behind her. The woman followed her into the entrance of her apartment building, pulled out a gun, grabbed her, demanded her money and keys and struck her on the head with the gun. After learning that a babysitter was attending her children, the robber (who turned out to be a man dressed in women's clothing) accompanied her to her second-floor apartment. Mrs. Axelrod twice managed to mouth the words "call the police" as she paid the sitter and said good-by to her. Linda Arnold, the sitter, a girl in eighth grade, lived across the street from the Axelrods. She went home and called the police who responded at once.

In the apartment the robber took some more money, made Mrs. Axelrod lie facedownward on a bed, threatened to shoot her children if her cries awakened them, tied a scarf around her mouth and her hands behind her back. He took off his white shoes and put on her blue ones. He picked up a pair of scissors and was about to cut her hair when there was a knock on the front door. He told her to be still and went to the rear of the apartment; but she got up, went to the front door and, upon hearing that the police were there, told them through the door that the robber was going out the back way and was dressed like a woman.

A policeman ran around the building, saw a woman walking away from the rear steps and told her to stop. She started to run and he caught her after a block and a half chase. As he seized her, her wig came off and the officer, realizing that it was a man, drew his gun. After a struggle he subdued the defendant, handcuffed and searched him. Sibley was wearing women's undergarments and the officer found a gun in his girdle. He had on a pair of ladies' blue shoes and had in his possession a pair of scissors and one five-dollar bill and nine singles.

Sibley was taken back to the building. Neighbors and policemen had gathered in the hallway and Mrs. Axelrod identified him. She also identified her blue shoes, the pair of scissors and the gun which had been used to rob her. The money found on Sibley corresponded in denomination and amount to that which had been taken from her.

Linda Arnold had directed the police to the Axelrod apartment and she saw Sibley when the police brought him back to the building. She recognized him as the same person she had seen in the apartment.

■ The arresting officer testified on cross-examination that there was a lineup of some type in the hallway when Mrs. Axelrod identified the defendant but that he did not know who was in it. He was again asked:

| | |
|---|---|
| Defendant's Attorney: | "Who was in this lineup at that time, Officer?" |
| Assistant State's Attorney: | "Object, asked and answered." |
| Defendant's Attorney: | "He was present, Judge, I think—" |
| State's Attorney: | "He said he didn't know." |
| The Court: | "Sustained." |
| Defendant's Attorney: | "Who was in the lineup, if you know, Officer?" |
| Officer: | "That I know?" |
| Defendant's Attorney: | "Yes." |
| Officer: | "I don't know anyone in the lineup, or I didn't." |
| Defendant's Attorney: | "Were some of the neighbors in the lineup, Officer?" |
| State's Attorney: | "Objection, asked and answered." |
| The Court: | "Sustained." |
| Defendant's Attorney: | "Your Honor, I don't feel it has been asked and an- |

swered. I asked if any of the neighbors—if you know—"

Officer: "I'm not sure."

The defendant complains that by sustaining the objections the court restricted his cross-examination in an area essential to his defense: the circumstances surrounding his identification. The cross-examination was not unreasonably restricted. The officer was asked five times who was in the lineup. Three times he answered that he did not know and two times objections were sustained to repetitive questions. The defense was allowed liberal latitude in its cross-examination.

The defendant did not testify and no evidence was presented in his behalf. In their opening and closing arguments the prosecutors stated that the State's evidence was uncontradicted. The defendant contends that these statements constituted comment on his failure to testify. The fact that a defendant does not take the witness stand raises no adverse presumption, and reference to his not testifying is not permitted. Ill Rev Stats 1965, c 38, § 155–1. However, a prosecutor may call the jury's attention to the State's uncontradicted evidence and may do so even if the defendant is the only person who could deny it. People v. Norman, 28 Ill2d 77, 190 NE2d 819 (1963). From the record it is clear that the prosecutors' statements were addressed to the evidence and therefore were not improper.

The defendant also complains that other portions of the prosecutors' final argument were prejudicial. One of these was the remark that "counsel for the defense is playing a game with you in this lawsuit." This remark was in response to a story told by the defendant's counsel about a game he played in school in which something would be whispered to one child and by him to another and so on, and that the last version was completely dif-

ferent from the first. The prosecutor's reply was a fair response to the defense counsel's story and did not reflect upon the latter's integrity.

The other remarks complained about were also fair comments on the evidence. The prosecutor said that an armed person who talked and acted as Sibley did was a potential murderer; that it was fortunate for Mrs. Axelrod and her husband that a robbery instead of a murder case was being tried and that Sibley pistol-whipped Mrs. Axelrod. Sibley threatened to kill the Axelrod children and he did strike Mrs. Axelrod with a pistol. Mentioning her husband and children did not inject them into the case for the purpose of calling attention to her family, as the defendant contends. Mrs. Axelrod testified that her hands had been bound behind her back with her husband's neckties, and her children had been referred to several times in the testimony.

The judgment is affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.