**People of the State of Illinois, Plaintiff-Appellee, v. David Jerrels, Defendant-Appellant.**

Gen. No. 51,669.

First District, Third Division.

June 27, 1968.

Wallace, Shelton, Kleinman & Belline, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John M. Goldberg, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

The defendant, David Jerrels, appeals from a conviction of armed robbery for which he was sentenced to two to four years in the penitentiary. Defendant was tried by a jury.

The contentions on appeal are that (1) the prejudicial conduct and remarks of the court deprived defendant of a fair and impartial trial; (2) the prejudicial remarks of the State's Attorney deprived him of a fair and impartial trial, and (3) the courtroom identification of defendant after identification by the witnesses at a lineup deprived him of a fair and impartial trial.

The evidence shows that on January 4, 1966, Mildred Jones was a clerk in a dry cleaning establishment (Leader Cleaners) at 1200 West 63rd Street, Chicago. About 7:00 p. m. a man (later identified as defendant) walked into the store, raised up the counter and went behind it to where Mrs. Jones was standing. He drew a switchblade type knife and forced Mrs. Jones into the back of the store. She left the premises through a side door and phoned the police from a tavern across the street. From there she observed the man in the cleaners. He was waiting on customers and occasionally walked outside and looked up and down the street. He left the store shortly before the police arrived. Mrs. Jones returned to the store with the police and found the cash register on the floor in the back of the store. The sum of $38 was missing from the register.

On January 25, 1966, Mrs. Jones again saw the defendant in the store when he brought in a coat to be cleaned and gave the clerk his name and address. She gave that information to the police. The next day she identified defendant from pictures shown her by a detective and the following day she identified the defendant in a four-man lineup.

Willis Cunningham testified that on January 4th he was walking his dog in front of the Leader Cleaners and saw a man inside the store who appeared to be waiting on customers. Cunningham identified the defendant at the lineup on January 27th as the man whom he had seen in the store.

Velma Jerrels, defendant's mother, testified that on January 4th defendant arrived home at 4 or 4:30 p. m. and did not leave home that evening. He went up to his room about 8 p. m. and she retired about 9:30 p. m.

Defendant denied that he committed the robbery. He was unmarried and lived at his parents' home. He had done business with Leader Cleaners for some time and that was how Mrs. Jones knew him. He did not go to the cleaners on January 4th but did go on or about January 23rd to have a coat cleaned. On January 4th he arrived home about 4:30 p. m. and did not leave the house again that night.

 Defendant first contends that the prejudicial conduct and remarks of the court deprived him of a fair and impartial trial. He argues that his cross-examination of the State's witnesses was unduly limited. In People v. DuLong, 33 Ill2d 140, 210 NE2d 513, the court said at page 144:

> "As a general rule the latitude to be allowed in the cross-examination of witnesses rests largely within the discretion of the trial court. (sic) (People v. Halteman, 10 Ill2d 74,) and ordinarily should be limited to matters brought out on direct examination. (People v. Matthews, 18 Ill2d 164; People v. Smith, 413 Ill 218.) Although we agree that greater latitude should be given an accused to impeach the credibility of adverse witnesses, we cannot say that the trial court abused its discretion or that prejudicial error resulted in limiting the cross-examination, . . . ."

A review of the alleged limitations of cross-examination shows defendant's point to be unfounded. The objections were to questions not within the scope of direct examination and to repetitive questions and, therefore, the rulings of the court were proper and did not demonstrate prejudice on the part of the court. People v. DuLong, supra; Cannon v. People, 141 Ill 270, 30 NE 1027.

■■ Defendant also sets forth in his brief numerous instances of allegedly prejudicial remarks of the court throughout the course of the trial. These comments followed the court's rulings on many objections by the State's Attorney. While defendant does not contend in his brief that the court was in error in sustaining the numerous objections throughout the trial, he does assert that the statements made by the court constituted reversible error. Although defendant is correct in saying that the statements were directed to the defendant's attorney regarding his conduct, that alone does not demonstrate prejudice of the court. The comments were proper and did not indicate that the court was prejudiced against defendant or his attorney. They related to proper and improper questioning and the record shows the court was fair and patient in conducting the trial. Defendant cites People v. Judycki, 302 Ill 143, 134 NE 134 and People v. Wilson, 334 Ill 412, 166 NE 40, in support of his position. However, in both of these cases the court entered into questioning of witnesses and harassed counsel. The prejudice in those cases was clearly shown and could only have been adverse to the defendants. The court in the instant case displayed no such disposition.

■■ Defendant next argues that the court further demonstrated prejudice by admonishing defendant's mother to stop making gestures and motions and crying during the trial and final arguments. This admonition by the court was delivered outside the presence of the jury and was not therefore prejudicial to defendant. Fur-

217

thermore, the conduct of the mother was a proper subject of judicial admonition and the court's remarks were not unreasonable or erroneous.

■ Defendant next contends that the prejudicial remarks of the State's Attorney deprived him of a fair and impartial trial. During the final argument the State's Attorney said:

> "The good Father comes in and testifies, and he has a right to do that, and I'm proud of him for doing it. And he answered the questions honestly. He knows the boy from going to church, he sees him around. The best he knows the boy is a pretty good kid because he goes to church. Judas had dinner every night with a certain fellow, too."

Defendant argues that by the final sentence the State's Attorney gave his opinion that the defendant was guilty. He cites several cases in support of his position. In those cases, however, the prosecutor clearly stated that he believed the defendant to be guilty of the crime charged. In the instant case the remark indicated only that the State's Attorney wished the jury to note that church going is not necessarily incongruous with the commission of a crime. Furthermore, no objection was made to the comment at the trial and the point has thereby been waived. People v. Donald, 29 Ill2d 283, 194 NE2d 227; People v. Winters, 29 Ill2d 74, 193 NE2d 809.

■ Defendant finally contends that the courtroom identification of defendant after preliminary identification of him by the witnesses at a lineup deprived him of a fair and impartial trial. Defendant's objection to this process is that defendant was not represented by counsel at the lineup. He relies on United States v. Wade, 388 US 218, which held that a defendant is entitled to counsel at such a lineup. However, on the same day as Wade was decided, the court held in Stovall v. Denno,

388 US 293, that the rule of the Wade case was to be applied only to lineups held after June 12, 1967. Jerrels was identified by Mrs. Jones and Cunningham at a lineup held January 27, 1966, and, therefore, the rule pronounced in Wade, supra, does not apply. In Illinois the manner of identification goes only to the weight of the evidence, not the competency thereof. (People v. Brinkley, 33 Ill2d 403, 211 NE2d 730; People v. Napper, 78 Ill App2d 451, 223 NE2d 194.) The courtroom identification of defendant was neither improper nor reversible error.

For the foregoing reasons the conviction is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.