THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY DALE LOWERY, Defendant-Appellant.

(No. 70-167;

Fifth District—October 21, 1971.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Joe Harrison, State's Attorney, of Fairfield, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Jimmy Dale Lowery, was tried by jury in the Circuit Court of Wayne County on an indictment charging him with the crime of aggravated battery. The jury found him guilty of battery and he was sentenced to six months at the State Farm and fined $500 and costs.

■■ On appeal defendant does not challenge the sufficiency of the evidence and it is therefore unnecessary to summarize the testimony. His first claim is that the court erred in admitting in evidence the record of defendant's prior conviction of an infamous crime. Defendant testified in his own behalf and this record was introduced in rebuttal for impeachment purposes. Prior to the decision of the Supreme Court in *People v. Montgomery*, 47 Ill.2d 510, it was the settled rule that proof of conviction of an infamous crime was always admissible for the purpose of affecting the credibility of a witness. (*People v. Buford*, 396 Ill. 158.) In Montgomery, it was held that the trial court should exercise discretion in admitting such evidence and should be guided by certain standards. However, the ruling in Montgomery applies only to cases tried after the date of the decision. The present case was tried before the date of the Montgomery decision.

■■ Defendant also argues that the prosecutor was guilty of unfair cross-examination and argument. It is not necessary to discuss this argument at length, for we find from an examination of the record that no objection was made to the conduct now complained of. The contention of defendant will therefore not be considered on appeal (*People v. Hudson*, 46 Ill.2d 177.) The conduct of the prosecutor was not of such a character as to require consideration under the exception to the general rule set forth in *People v. Romero*, 36 Ill.2d 315 and similar cases.

■■ It is also urged that the court erred in admitting into evidence photographs of the victim. Defendant admitted striking the victim but

claimed that he was protecting himself from a deviate sexual assault and that he acted in self-defense. In our opinion the photographs were properly admitted to show the degree of force used by the defendant.

■■ Defendant's final claims relate to the sentence. The court provided that the fine was payable after defendant's release from confinement and that he would have a period of one year from that time to pay it. Dedendant claims that the extension of time prejudices him because he is subject to the continuing jurisdiction of the court for one year. We cannot agree. In our opinion the extended period for payment was a liberal and humane provision which took into account defendant's limited financial resources. In imposing this sentence the court stated that if defendant could not pay the fine within that period, the court would be reasonable if it appeared that defendant was trying to pay. We find no error in this portion of the sentence.

■■ The final contention is that the sentence was excessive. The victim suffered severe injuries, requiring hospitalization for more than three weeks and defendant had a prior felony and misdemeanor record. Defendant said that he did not want an extended probation because he and his wife liked to go out and enjoy themselves and he didn't think probation would work out. We see no basis for reducing the sentence.

The judgment of the Circuit Court of Wayne County is affirmed.

Judgment affirmed.

EBERSPACHER and MORAN, JJ., concur.