THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM EARL WEAVER (Impleaded), Defendant-Appellant.

(No. 56411; ▮▮▮▮▮▮▮

First District—October 5, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Harold A. Cowen and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

The defendant, William Earl Weaver, was found guilty of murder after a jury trial in the Circuit Court of Cook County. He was sentenced to a term of not less than 30 nor more than 60 years in the penitentiary. The defendant appeals.

We affirm.

Defendant has presented three issues for consideration in this appeal. First, he contends that the trial court erred in permitting hearsay testimony from a State witness. Second, he contends that the prosecutor's misconduct at trial deprived him of a fair trial. Third, he contends that the sentence was excessive.

The shooting of the deceased, James Kirkwood, took place on the night of the 23rd of September, 1969, in Chicago, Illinois. At trial two witnesses, Marcellus Dowdy and Thomas Kirkwood, brother of the deceased, testified that they saw the defendant, William Earl Weaver, shoot deceased with a shotgun. They testified that after the shotgun blast they saw the deceased grab his face and fall. Dr. Kearns, the coroner's pathologist, determined shotgun wounds in the head to be the cause of death.

Defendant's first contention concerns the testimony of Officer Learas, a Chicago Police Officer, who investigated the killing. On direct examina-

tion Officer Learas testified that he took an oral statement at police headquarters from the eyewitness Marcellus Dowdy shortly after the shooting. On cross-examination of the police officer, counsel for defendant sought to impeach the credibility of Dowdy by suggesting that he had named persons other than defendant in his statement to Officer Learas. When the defense persisted on this method of impeaching Dowdy, the prosecutor objected and indicated that if it continued, he would have to ask the police officer about Dowdy's identification of defendant. To this statement of the prosecutor, defense counsel replied: "It doesn't do me that much harm."

On redirect examination, over objection of defendant, Officer Learas was permitted to testify that Dowdy, as part of his oral statement, told him that Weaver shot the deceased. Defendant urges this was reversible error; that is, that this testimony was hearsay and its admission constituted prejudicial repetition of evidence.

■■ We find no reversible error by the trial court in admitting the testimony of the police officer into evidence. Dowdy had earlier testified about the statement which he had given to the police. Dowdy stated that he picked out defendant's picture and that he gave defendant's name to the police officer. The testimony of the police officer was merely cumulative, and clearly was not prejudicial to defendant. (See *People v. Lowe* (1969), 112 Ill.App.2d 399, 251 N.E.2d 329.) That the testimony in question was not prejudicial was recognized by defendant at trial when defense counsel stated that the officer's additional testimony would do no harm.

■■ We find no merit in defendant's second contention that the prosecutor's misconduct deprived defendant of a fair trial. Defendant complains of three separate acts of misconduct on the part of the prosecutor in his closing argument to the jury. Defendant argues that the prosecutor inflamed the jury against the defendant by using improper language. In his closing argument the prosecutor referred to the armed youths at the scene of the crime as "vicious animals," indirectly referring to defendant as a "vicious animal." No objection to the language was raised at trial. Such errors, if not properly raised, are deemed to be waived. (*People v. Jerrels* (1968), 98 Ill.App.2d 213, 240 N.E.2d 479; *People v. Donald* (1963), 29 Ill.2d 283, 194 N.E.2d 227.) However, we may still consider the assignment of error if the argument is so erroneously prejudicial as to prevent the defendant from receiving a fair trial. (*People v. Mackey* (1964), 30 Ill.2d 190, 195 N.E.2d 636; *People v. Fort* (1958), 14 Ill.2d 491, 153 N.E.2d 26.) We do not think that the prosecutor's indirect reference to the defendant as a "vicious animal" is so prejudicial as to have affected the decision of the jury.

■■ Defendant further argues that the prosecutor acted improperly because he cast aspersions on the trial ethics of the defense attorney. In his argument to the jury the prosecutor said that the defense attorney dropped "a veil of smoke" in front of the jury and that he used "sly lawyer tricks." In *People v. Bravos* (1969), 114 Ill.App.2d 298, 252 N.E.2d 776, *cert.* denied (1970), 397 U.S. 919, defendants argued that they were denied a fair trial because of improper comments of the prosecutor suggesting that the defense counsel were tricky, and employing unethical tactics in defense of their clients. In refusing to find reversible error, this court said:

> "Comments can be so far out of line as to deny defendants a fair trial; however, this did not occur in the instant case * * *. [N]o comment was made upon inadmissible evidence or any other matter which would prejudice the defendants." 114 Ill.App. 2d 298 at 320.

We think the reasoning in the *Bravos* case applies to the facts in this case.

■■ Defendant also argues that the prosecutor's reference to part of the jury as "World War II gentlemen" in his closing argument deprived him of a fair trial. Upon defendant's objection, the trial court warned the prosecutor to refrain from referring specifically to any jurors. In *People v. Davis* (1970), 46 Ill.2d 554, 264 N.E.2d 140, the Illinois Supreme Court refused to reverse a judgment where the prosecutor addressed several jurors by name, appealing to their particular personal circumstances, sympathies and prejudices. The reference to the jurors in this case is far less severe than in the *Davis* case, and in view of the warning of the trial court and the clear and convincing evidence of guilt in this case, we cannot say that the prosecutor's remarks resulted in any prejudice to the defendant.

■■ Finally, defendant contends that the sentence of 30 to 60 years imposed on the defendant was excessive. The sentence is within the statutory limits imposed by the legislature, and we will not interfere with the discretion of the trial court in imposing sentence unless this discretion is clearly abused. (*People v. Barnes* (1969), 118 Ill.App.2d 128, 255 N.E.2d 18.) Defendant was found guilty of murder. He shot an unarmed youth in the head with a shotgun at close range without any provocation. We do not find the sentence to be excessive.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.