982

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAWRENCE GOODWIN, Defendant-Appellant.

(No. 56719;

First District (2nd Division)—May 15, 1973.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

In a jury trial, defendant was convicted of armed robbery (Ill. Rev. Stat. 1967, ch. 38, par. 18—2) and sentenced to serve 15 to 25 years in the State penitentiary. On appeal he contends that the conduct of the prosecution was such as to deny him a fair trial; that defendant's cross-examination of a State witness was unduly circumscribed by the court; and that his identification as one of the participants in the robbery was not proved beyond a reasonable doubt. The facts follow.

On August 25, 1967, three men robbed the Bargain Basement Supermarket in Chicago. One of them—later identified as Larry Hayes—entered the manager's office at the front of the store with a revolver in his hand. He accosted the manager, Thomas Stevens, and Bernice Smith, the bookkeeper. After robbing the office Hayes ordered the two employees to the rear of the store. As they left the office, both Stevens and Mrs. Smith saw a second man, later identified as the defendant, robbing Mollie Kyser at the checkout counter. The defendant, together with Hayes and a third man, then left the store.

On September 5, 1967, Officer Frank Edwards of the Chicago Police Department showed several photographs to Stevens, Mrs. Smith, and Miss Kyser. Stevens and Miss Kyser identified a photograph of the defendant as the man who had robbed Miss Kyser at the checkout

counter. Mrs. Smith identified two photographs, but neither was a picture of the defendant in this case.

Based upon the photographic identification by Miss Kyser and Stevens, defendant was arrested by Officer Edwards the following day. His automobile was searched, and inside the trunk were found several revolvers and two shopping bags from the store in question. Officer Edwards acted without either an arrest warrant or a search warrant. At a police lineup later that day defendant was exhibited to Stevens, Mrs. Smith, and Miss Kyser, and all three identified defendant as the man who had robbed Miss Kyser at the store's checkout counter.

At a hearing on defendant's motion to suppress physical evidence, Officer Edwards was examined by the Assistant State's Attorney as to the circumstances surrounding defendant's arrest. On cross-examination, defendant's attorney asked the witness when he first received information as to who committed the robbery. The State's objection to this question was sustained, as was an objection to a rephrased version of the same question when asked by defendant.

At a hearing on defendant's motion to suppress identification testimony, defendant alleged that immediately prior to the hearing the Assistant State's Attorney had paraded the defendant before the witnesses from the robbed store. This allegation was denied by the Assistant State's Attorney, and he was supported in his denial by the testimony of those witnesses. The court denied defendant's motion.

On the resumption of the trial, following the hearing on the motion to suppress, Officer Edwards again outlined the events surrounding defendant's arrest. He identified the revolvers and shopping bags found in defendant's automobile trunk. On cross-examination, defendant's attorney questioned Edwards concerning the search of the trunk, and Edwards testified that the shopping bags were found under two sets of license plates also found in the trunk. On redirect, Edwards testified—over objection by defendant—that the numbers of the plates found in the trunk were not registered to defendant, and were not the same as the license number of the plates on the automobile used to flee from the scene of the robbery in question.

During cross-examination of Thomas Stevens, defendant's attorney asked how he could remember what defendant was wearing on the date of the robbery when he could not remember what the Assistant State's Attorney was wearing the day before. The court sustained the State's objection to this question. The Assistant State's Attorney then interposed the remark, "I didn't stick him up yesterday," intending thereby to point out that there was a special reason for the witness to remember the

defendant. The defendant made no objection to the remark at the time it was made.

During cross-examination of Mollie Kyser, the witness stated that she had refreshed her memory from notes provided by the Assistant State's Attorney. Defendant's attorney then requested that those notes be submitted to defendant for possible impeachment purposes. The Assistant State's Attorney objected on the ground that the notes referred to were part of his "prep sheet," and constituted merely a summary of a short statement of the facts which the witness had given to a reporter prior to the grand jury hearing. The court ruled the prep sheet to be the Assistant State's Attorney's work product and therefore not subject to discovery.

We proceed to examine defendant's charge that "the deliberation with which the prosecutor injected prejudice at trial as well as the pervasiveness of his misconduct, all of which was approved by the court, effected a denial to the defendant of his rights to fair trial and due process of law." Some contentions raised within this broad issue are actually evidence or discovery questions which we will consider later.

■■ We first consider defendant's charge that the court's denial of his motion to suppress identification testimony was erroneous. The bare assertion of defendant that he was exhibited to witnesses by the Assistant State's Attorney immediately prior to the hearing on this motion is outweighed by the denials of the Assistant State's Attorney and all of the witnesses alleged by defendant to have been involved. The trial court's resolution of this factual issue was based on its determination of the credibility of the witnesses, and its finding is not contrary to the manifest weight of the evidence.

■■ It is charged that the remark of the Assistant State's Attorney in retort to the question asked of witness Stevens with respect to the clothing defendant was wearing, was not objected to during the cross-examination, and defendant is barred from asserting it as error on review. *People v. Lowery,* 1 Ill.App.3d 851.

■■■ The testimony elicited on redirect examination of Officer Edwards that the license plates found in defendant's automobile were not registered to him, can create an inference that they were there for some nefarious purpose. It appears, however, that the first testimony pertaining to the plates was brought out by defendant's attorney during his cross-examination of Officer Edwards. But this fact did not give the Assistant State's Attorney freedom to continue the same line of questioning. It is not necessarily reversible error unless it appears that real justice has been denied or that the verdict of the jury may have resulted from

such error. (*People v. Armstrong*, 22 Ill.2d 420.) In the instant case, defendant was positively identified at a lineup and at trial by all three of the victims as one of the participants in the robbery. The jury found him guilty of that offense. Where the jury is not also the judge of the penalty, and where on the basis of the competent evidence presented it could not reasonably have done other than find the defendant guilty, a reversal predicated upon such error as is herein involved is not required. *People v. Tranowski*, 20 Ill.2d 11; *People v. Allen*, 1 Ill.App.3d 197.

■■ In support of the contention that it was error for the court to sustain a refusal on the part of the State to surrender the Assistant State's Attorney's prep sheet, defendant cites *People v. Robinson*, 46 Ill.2d 229. There the court stated that a prep sheet should be made available to a defendant in the absence of proof that it is not a substantially verbatim transcript of a statement of a witness. Prior to *Robinson*, a prep sheet need not have been surrendered unless it was shown to be in the witness' own words or a substantially verbatim transcript of a statement he had made. (*People v. Neiman*, 30 Ill.2d 393.) In *People v. McCoy*, 133 Ill.App.2d 416, 273 N.E.2d 430, the *Robinson* case was held to be not retroactive. Thus, in a case decided prior to *Robinson*, as was herein involved, it was incumbent on the defendant to show that the prosecutor's prep sheet was in the witness' own words or a substantially verbatim transcript before such had to be made available to him. Here the Assistant State's Attorney described the prep sheet in question as merely a summary of a short statement of facts which Miss Kyser had given to a reporter prior to the grand jury hearing. Defendant made no showing to the contrary. Under the law then in effect, the trial court was correct in ruling that the prep sheet need not be surrendered to defendant.

■■ The defendant next argues that his right to cross-examine witnesses was unduly circumscribed in the hearing on his motion to suppress physical evidence. The latitude to be allowed on cross-examination is in the discretion of the trial court, the exercise of which will not be reversed in the absence of a showing of abuse. (*People v. DuLong*, 33 Ill.2d 140.) In the instant case, defendant's attorney repeatedly sought to question Officer Edwards in an area that had been fully covered in direct examination. Circumscription of cross-examination where its allowance would lead only to repetitious testimony is not an abuse of the trial court's discretionary power. *People v. Sibley*, 93 Ill.App.2d 38.

■■ Finally, defendant contends that his identification as one of the participants in the robbery was not proved beyond a reasonable doubt. In support of this argument he alleges that the victims were shown his photograph immediately prior to the police lineup in which he was

identified; that two of the victims, Stevens and Miss Kyser, had no opportunity to view the man who robbed Miss Kyser at the checkout counter; and that all three of the victims disagreed as to the clothing defendant was wearing at the time of the robbery. The first two assertions have absolutely no foundation in the record. As to the third, although the victims did disagree as to defendant's clothing, such a discrepancy—in the light of their otherwise positive identification of defendant—does not raise a reasonable doubt as to his participation in the offense. *People v. Moscatello*, 114 Ill.App.2d 16.

We find no reversible error in the record, and the evidence supports the verdict beyond any reasonable doubt.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.