(No. 34133.—

The People of the State of Illinois, Defendant in Error, *vs.* Oscar House, Plaintiff in Error.

*Opinion filed March 20, 1957.*

George C. Adams, of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, John T. Gallagher, Rudolph L. Janega, and William L. Carlin, of counsel,) for the People.

Mr. Justice Davis delivered the opinion of the court:

The defendant prosecuted this writ of error to the

criminal court of Cook County to reverse its judgment entered upon a jury verdict finding him guilty of the crime of assault with intent to commit rape, and sentencing him to the Illinois State Penitentiary for a term of one to fourteen years. He assigned as error the denial of his motion for discharge, made prior to trial.

The defendant was arrested on June 13, 1955; committed to jail for the alleged crime and confined there continuously until trial on December 1, 1955. The indictment was returned in open court and filed on September 12, 1955; on September 16, 1955, the defendant was brought into court for arraignment; the court asked him if he had a lawyer, and the defendant replied that he had, and that his name was George Adams; the court, after inquiring whether his counsel had been notified, then said: "Notify Adams and we'll continue this until Monday;" the assistant State's Attorney then asked: "Motion defendant?" and the court replied: "Motion defendant, September 19th," and the court then instructed the clerk to enter the following order: "On Motion of said Defendant, Oscar House, it is ordered by the Court that this cause be and the same is hereby continued until September 19th A.D. 1955, without subpoenas." On September 19 the defendant appeared in court with his attorney and entered a plea of not guilty; the cause was assigned for trial, and an order was entered by the court, on its own motion, continuing the cause to October 3, 1955, with subpoenas. Thereafter the court, on its own motion, entered orders continuing the cause from October 3 to October 11, and from October 11 to October 21. On that date and again on October 24, the court entered orders that the case be held on call, and on October 25, the court, on its own motion, entered an order continuing the cause to December 1, 1955, with subpoenas. Prior to the trial, the defendant filed a written motion for discharge alleging that he had been confined continuously since June 13, 1955, a period of more than four months,

without having been admitted to bail; that he had not caused the delay; and that he was entitled to be set at liberty pursuant to the provisions of the constitution and the applicable statute. The court overruled the motion and trial and conviction followed.

Section 9 of article II of the Illinois constitution guarantees to an accused in criminal prosecutions the right to a speedy public trial by an impartial jury. Section 18 of division XIII of the Criminal Code (Ill. Rev. Stat. 1955, chap. 38, par. 748,) provides: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days." This statute is designed to implement the constitutional right to a speedy public trial. (*People* v. *Szobor,* 360 Ill. 233.) It is not a technical statute; and its provisions are mandatory and confer a substantial and absolute right upon the defendant under the constitution. *People* v. *Stillwagon,* 373 Ill. 211; *People* v. *Emblen,* 362 Ill. 142.

Thus, when a defendant has not been admitted to bail, he must be tried or discharged within four months from the date of his commitment, unless he has caused the delay, or the other qualifying conditions obtain. In order to avail himself of the statute, a defendant must make application for discharge prior to conviction. (*People* v. *Brame,* 6 Ill.2d 412; *People* v. *Morris,* 3 Ill.2d 437; *People* v. *Utterback,* 385 Ill. 239.) The constitutional right to a speedy trial is personal to the accused and may be waived by failure

to raise the question of delay in the trial court. (*People* v. *Brame,* 6 Ill.2d 412; *People* v. *Sweeney,* 409 Ill. 223.) The salutory provisions of the statute cannot be nullified by technical evasions. *People* v. *Jonas,* 234 Ill. 56; *People ex rel. Nagel* v. *Heider,* 225 Ill. 347; *Newlin* v. *People,* 221 Ill. 166.

It is undisputed that more than four months elapsed from the date of commitment to the date of trial; and that defendant was not admitted to bail, but was continuously confined. The record fails to disclose any continuation due to the inability of the People to secure evidence; and defendant made timely application for discharge. Therefore, the defendant was entitled to be set at liberty, unless he caused the delay of the trial. The People urge that the cause was continued to September 19 on motion of defendant, made on September 16, and that since he was tried within the statutory period thereafter, he cannot complain. However, the record disproves this contention. It shows that the defendant made no motion on September 16 and that the continuance to September 19 was without subpoenas. Accordingly, we conclude that this continuance was for arraignment and not trial.

The constitutional guarantee of a speedy trial would be a mockery, indeed, if this court were to permit the State's Attorney and trial court, either with intent or through inadvertence, to ascribe to the defendant, when appearing for arraigment and without counsel, a motion for continuance which he did not make, and thereby toll the running of this statute.

Subsequently, on its own motion, the trial court continued the cause for trial four times, twice within the statutory period, and twice thereafter. The record does not indicate that any of these continuances were requested by the defendant, or that he was not ready for trial. Under these circumstances responsibility for the delay of the trial

560

cannot be attributed to the defendant. In view of this conclusion, it will be unnecessary to consider the other alleged errors.

The judgment of the criminal court of Cook County is reversed and the cause is remanded with directions to enter an order discharging the defendant.

*Reversed and remanded, with directions.*