(No. 36668.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDDIE LEE WYATT, Plaintiff in Error.

*Opinion filed January 23, 1962.—Rehearing denied March 22, 1962.*

GERALD W. GETTY, Public Defender, of Chicago, (JAMES J. DOHERTY and WILLIAM J. MORAN, Assistant Public Defenders, of counsel,) for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and JOHN T. GALLAGHER and DEAN H. BILTON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

This writ of error is prosecuted by defendant, Eddie Lee Wyatt, to review a judgment of the criminal court of Cook County, following a bench trial, whereby he was found guilty of robbery and sentenced to the penitentiary for a term of one to eight years. He assigns as error, first, the denial of a timely motion for discharge on the ground that he was not tried within four months of commitment as required by law, (Ill. Rev. Stat. 1959, chap. 38, par. 748), and, second, that he was not proved guilty beyond a reasonable doubt.

Defendant was arrested on June 3, 1959, and remained incarcerated without being admitted to bail until brought to trial on October 29, 1959, well beyond the required four-month period. Clearly therefore, defendant was entitled to discharge, unless he caused the delay of trial. The People assert, however, that defendant did occasion a delay in trial from June 22, 1959, to July 1, 1959, which tolled the running of the four-month statutory period and caused it to run anew from the latter date. (See: *People* v. *Rankins*, 18 Ill.2d 260; *People* v. *Morris*, 3 Ill.2d 437; *People* v. *Niemoth*, 409 Ill. 111.) If this is so, trial on October 29, 1959, was in apt time. The critical question thus presented is whether defendant caused or contributed to the delay of trial.

Relevant facts show that defendant and a codefendant, James Carter, were brought before the court for arraignment on June 22, 1959. Two separate indictments were involved, one charging defendant alone with armed robbery and the other charging him jointly with Carter with having

committed another offense of armed robbery. The former indictment is at issue here. Also in attendance at the proceeding were two women whom the trial court took to be the fiancees of the prisoners. The court first advised the two men of the charges against them and then inquired if either had a lawyer. At this point Carter's fiancee stated that he did not have a lawyer, but would get one before trial, and the other woman volunteered the same information with respect to defendant, adding that the latter's mother was going to take care of the matter. The court then stated: "If you think you can employ a lawyer for them, I'll continue it right now until you get a lawyer for him," and asked the two prisoners if it was "satisfactory" to them if the matter was put over for one week. Both men, however, replied only by inquiring if their bonds could be reduced. The court refused to discuss the bonds, but said he was going to continue the matter for a week to "enable your friends to get a lawyer for you," and again inquired if that was satisfactory to the men. Before they could answer, Carter's woman friend interrupted to ask if the court could make the continuance for two weeks. Thereafter, upon being interrogated by the court, defendant and Carter indicated that this proposal was "agreeable" to them and the court ordered that the cause be continued to July 1, 1959, "on motion of the defendants."

It is our opinion that this case cannot be distinguished in principle from *People* v. *House,* 10 Ill.2d 556. There, under persuasively similar facts, we held that the constitutional right to a speedy trial would be a mockery if a trial court, either with intent or through inadvertence, is permitted to ascribe to a defendant, when appearing for arraignment and without counsel, a motion for continuance he did not make, and thereby toll the running of the four-month statute. (10 Ill.2d at 559.) The record here is complicated by the presence and statements of the women bystanders, and by the fact that defendant purported to

agree to the trial court's action, but we do not see how either circumstance justifies a harsher limitation of defendant's constitutional right. Any fair and honest appraisal of the proceding of June 22, 1959, shows that it was the court, and the court alone, which proposed and interjected the matter of a continuance. It is true defendant was willing to take advantage of the court's offer, once the court suggested it, but we are unable to see how this factor converted the offer into a request for delay on motion of defendant. In short, the delay which occurred was the responsibility of and attributable to the court, rather than defendant.

For the reason stated, the judgment of the criminal court of Cook County is reversed and the cause is remanded with directions to enter an order discharging defendant.

*Reversed and remanded, with directions.*