**People of the State of Illinois, Plaintiff-Appellee, v. Robert Stuckey, Defendant-Appellant.**

**Gen. No. 51,478.**

First District, Third Division.

May 4, 1967.

Montgomery, Holt & Bolden, of Chicago (Leo E. Holt, of counsel), for appellant.

William G. Clark, Attorney General, of Springfield (Daniel P. Ward, State's Attorney of Cook County, Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Carmen Speranza, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was indicted for the murder of his wife. Defense counsel and the State stipulated to the pertinent facts, and thereupon defendant was tried by the court, convicted of voluntary manslaughter and sentenced to serve from five to fifteen years in the penitentiary. Prior to the finding of guilty and the entry of judgment, defendant filed a motion for discharge under the Four Term Act, Ill Rev Stats 1965, c 38, 748 [1] (now Ill Rev Stats 1965, c 38, § 103–5). The motion was denied, judgment was entered and defendant now appeals. The only issue involved is the application of the Four Term Act.

---

[1] At the time of defendant's trial, the Four Term Act read as follows:

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable ground to believe that such evidence may be procured at a later day in which case the court may continue the cause for not more than sixty (60) days. If any such person shall have been admitted to bail for an alleged offense, other than a capital offense, he shall be entitled, on demand, to be tried within four months after such demand: Provided, that if the court shall be satisfied that due exertion has been made to procure the evidence on behalf of the People and that there is reasonable ground to believe such evidence may be procured at a later day the court may continue the cause for not more than sixty (60) days."

■ On February 19, 1962, the defendant surrendered to the Chicago police for the killing of his wife, Bernice Thomas Stuckey, and made a written statement reciting the circumstances surrounding her death. Defendant was indicted and was tried on July 19, 1962, five months after his arrest and detention. The statute provides in substance that any person committed for a criminal offense and neither admitted to bail nor tried within four months from the date of incarceration shall be discharged upon petition unless the delay is occasioned by the prisoner or unless an extension of not more than sixty days has been granted to the State to procure additional evidence. People v. Bagato, 27 Ill2d 165, 188 NE2d 716. Where a defendant himself has sought and obtained a continuance or by his own actions caused the delay, the right to be tried within the four-month period is computed from the date to which the case was continued. People v. Hamby, 27 Ill2d 493, 190 NE2d 289; People v. Niemoth, 409 Ill 111, 98 NE2d 733; People v. Hayes, 23 Ill2d 527, 179 NE2d 660.

Defendant admits that he moved for two continuances, the first of which extended from May 9, 1962, until June 1, 1962, and the second of which extended from June 1, 1962, until June 22, 1962, a total of 43 days. He argues, however, that these continuances should not be considered to have tolled the statute because they were granted before a valid indictment had been returned against him. The grand jury indicted the defendant on March 8, 1962, but the indictment incorrectly stated the name of the victim as Louise Thomas Stuckey. When the State's Attorney discovered the misnomer he presented the matter to the grand jury a second time and obtained a correct indictment on June 25, 1962. The State then nolle prossed the original indictment and proceeded to trial on the corrected indictment.

Defendant argues that he was in custody more than four months before he was properly indicted and that

■■■■■■■■

any delay in the return of the proper indictment was solely attributable to the prosecution. He further contends that the continuances which were granted at his request related to the indictment which was nolle prossed, not to the indictment on which he was ultimately tried and, accordingly, the continuances cannot be considered to have tolled the statute.

■■ The Four Term Act was designed to implement the constitutional guarantee of a speedy trial. The act refers to the date of commitment and the date of trial, but it does not refer to the date of indictment. The sufficiency of the indictment is immaterial to the enforcement of the act unless there is some showing that the State has nolle prossed an indictment and reindicted solely for the purpose of circumventing the statute. See People v. Hamby, supra.

■ In the instant case the second indictment was only to correct a misnomer with respect to the name of the victim. The defendant undoubtedly knew that he was being held for the killing of his wife and the continuances which he obtained following the first indictment tolled the running of the time limit even though he was ultimately tried on the allegations of a separate and corrected indictment.

Defendant was tried within the period fixed by law. The petition for discharge was properly denied, and the judgment is affirmed.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.