**People of the State of Illinois, Plaintiff-Appellee, v. Henry Barnes, Defendant-Appellant.**

**Gen. No. 53,213.**

First District, Third Division.

December 18, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Assistant State's Attorney, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Henry Barnes, was charged with the crimes of burglary with intent to commit rape, burglary with intent to commit theft, rape and aggravated battery. At the conclusion of a jury trial, the trial court directed a finding of not guilty to the charge of burglary with intent to commit theft, and the jury found defendant not guilty of rape and of burglary with intent to commit rape, but guilty of aggravated battery. The trial court sentenced defendant on that charge to a term of 7 to 10 years in the penitentiary. Defendant appeals, contending that the court erroneously denied his motion for a discharge under the Fourth Term Act, Ill Rev Stats 1967, c 38, § 103–5, that he was not proved guilty of aggravated battery beyond a reasonable doubt, and that the sentence was excessive and should be reduced by this court.

Complainant was a resident of a small Chicago hotel. On April 14, 1966, she left the window in her room partially open, and went to sleep. During the early morning hours of April 15, she was awakened by a man who

forced her to have intercourse with him, and then attempted to force her to submit to other sexual indignities. She struck defendant with a bottle, and he hit her over the head with a stick. He then cut her with a knife, dragging the knife down her face and all the way down her arm. She escaped from the room, and ran screaming to the desk clerk. The desk clerk saw her nude and bleeding from the head. The police came, and took the complaining witness to the hospital. Although her assailant had a scarf over his head when he first entered, she had several opportunities to see his face during the encounter. The bathroom light was on continuously, and after the act of intercourse occurred, the attacker turned on a light in the bedroom. She described her assailant to the police as being a male Negro, 30 to 35 years old, 5 feet, 8 inches tall, 140 pounds, lightskinned, and with black, short, curly hair. About two weeks after the occurrence, she saw defendant in a tavern. Subsequently the police showed her some pictures, but defendant's picture was not among them. On May 1 the police showed her additional pictures, and on May 6 she identified defendant in a lineup. When she saw defendant's picture, she told police that was the curly, wavy hair that she had pulled.

Defendant and his landlord testified that he was home sleeping on the night in question. Defendant testified that he was 5 feet, 4 inches tall, weighed 117 pounds and was 41 years old.

Defendant first contends that the court erred in not discharging him under the Fourth Term Act. Defendant was arrested on May 6, 1966, and was unable to post bond. On September 19, 1966, defendant filed a motion to dismiss on the grounds that he had not been brought to trial within the requisite 120 days, and that he had not caused any delay. The trial court denied that motion on the grounds that defendant had contributed to the delay by requesting a continuance on May 9, 1966. On that date, defendant answered ready at the prelimi-

131

nary hearing. However, after the complaining witness testified, defendant informed the judge that they had the wrong man and that he had witnesses who could verify his whereabouts. The court told defendant to bring in his witnesses, and continued the hearing until June 7, noting that the continuance was made on motion of defendant. Defendant stated that he had no way of bringing in the witnesses.

The issue is whether defendant's actions and statements to the court at the time of preliminary hearing caused the delay so as to toll the running of the statute.

■ ■ Where a defendant requests a continuance, the four-term statute will be tolled. People v. Canada, 81 Ill App2d 220, 225 NE2d 639 (1967). Where no continuance is requested, but the delay is caused by defendant's own actions, the statute will be tolled. People v. Stuckey, 83 Ill App2d 137, 227 NE2d 135 (1967).

■ We find that defendant's statements at the preliminary hearing contributed to the delay, and that the trial court properly denied his motion for a discharge. While defendant originally answered ready at the preliminary hearing, he subsequently stated that he could bring in witnesses to disprove the testimony of the complaining witness. Although the judge could have held defendant over to the grand jury immediately, he afforded defendant an opportunity to bring in his witnesses. Notwithstanding defendant's later statement that he had no way of bringing the witnesses into court, we believe that the judge at preliminary hearing was extending an additional benefit to defendant in granting the continuance, and that the delay must be attributed to defendant so as to toll the running of the statute.

Cases cited by defendant are distinguishable from the instant case. In The People v. House, 10 Ill2d 556, 141 NE2d 12 (1957), the trial court suggested a continuance without request by defendant. In The People v. Wyatt, 24 Ill2d 151, 180 NE2d 478 (1962), a bystander at ar-

raignment suggested a continuance. In People v. Rice, 109 Ill App2d 212, 248 NE2d 332 (1969), the court held that failure of an attorney to appear at arraignment was not a delay attributable to defendant where the attorney had filed no appearance and had advised the trial court and State that he did not represent defendant. In the instant case, defendant's own statement contributed to the delay.

Defendant next contends that he was not proved guilty of aggravated battery beyond a reasonable doubt. He argues that the identification was vague and uncertain, and that the jury verdict was inconsistent since he was found guilty of aggravated battery, but not of rape.

■ ■ As to the identification, its sufficiency ordinarily raises the question of credibility, which is to be determined by the triers of fact. People v. Jackson, 28 Ill2d 566, 192 NE2d 873 (1963). The complaining witness had ample opportunity to observe her assailant. Although he had a scarf over his head when he first entered the room, she testified that she was able to observe his face several times during their struggle. The bathroom light was lit continuously, and defendant turned on a light in the bedroom after the act of intercourse had taken place. The complaining witness gave the police a reasonably accurate description of defendant. She identified defendant from a group of photographs, and it should be noted that this identification was made from the second group of photographs shown to her. She also identified defendant in a lineup. The fact that she saw defendant in a tavern subsequent to the crime does not weaken her identification. Nor does mention of defendant's short, curly hair to the police officer suggest that her identification was uncertain, but merely indicates that she was impressed by the hair. We do not find the testimony of the complaining witness so unsatisfactory as to raise a reasonable doubt as to her identification of defendant.

██ ██ We also reject defendant's contention that the jury verdicts were inconsistent or a compromise, since defendant was found guilty of aggravated battery, but acquitted of rape and of burglary with intent to commit rape. The verdicts were not inconsistent. While accepting the complaining witness's identification of defendant, the jury was not compelled to believe that a rape had occurred. Testimony about the rape came only from the complaining witness, but there was additional corroborative evidence received about the aggravated battery charge. Both the desk clerk and the police testified that she was bleeding, so much so that the officer took her to a hospital.

A case cited by defendant in support of the proposition that the verdicts were inconsistent, People v. Griffin, 88 Ill App2d 28, 232 NE2d 216 (1967), is not in point. In that case the court held that a conviction for robbery could not stand, where on identical evidence the codefendant was acquitted.

Finally, defendant contends that his sentence of 7 to 10 years was excessive and should be reduced.

██ ██ While reviewing courts have the power to reduce sentence, Supreme Court Rule 615(b)(4); Ill Rev Stats (1967), c 110A, § 615(b)(4), this power should be used sparingly and only in cases where it appears that some substantial prejudice to the rights of the defendant has occurred. The imposition of sentence is peculiarly within the discretion of the trial court, and unless clearly abused the court of review will not interfere. People v. Hobbs, 56 Ill App2d 93, 205 NE2d 503 (1965); People v. Valentine, 60 Ill App2d 339, 208 NE2d 595 (1965).

██ Defendant was found guilty of assaulting a woman in her room. He struck her on the head with some sort of stick, then cut her face and arm with a knife, causing her to bleed profusely and necessitating that she be taken to a hospital. Although defendant, 41 years old,

had only a previous misdemeanor conviction for possession of a knife, under the circumstances of the crime in question, we cannot say that the sentence imposed was inappropriate. At the time of sentencing, the trial judge confined himself to a. consideration of what he characterized as a serious assault resulting in serious injuries. The record does not disclose that the sentence was the result of any bias, prejudice or abuse of discretion.

Accordingly, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.