**People of the State of Illinois, Plaintiff-Appellant,
v. Steven Steele, Defendant-Appellee.**

**Gen. No. 53,844.**

First District, Fourth Division.

July 22, 1970.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Matthew J. Moran, Assistant State's Attorneys, of counsel), for appellant.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker and James J. Doherty, Assistant Public Defenders, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal by the State from an order of the Circuit Court granting defendant's motion for a discharge under the statute which requires trial within 120 days of arrest. Ill Rev Stats 1967, c 38, § 103–5. In November 1966, defendant was arrested for the unlawful possession of narcotics and remained free on bail until July 27, 1967. On July 3, 1967, the Public Defender was appointed to represent the defendant. On July 28, 1967, an assistant public defender moved for a list of witnesses, which was filed by the State on August 10,

1967. On October 3, 1967, defense counsel filed a motion to quash the search warrant, and the cause was continued by agreement to October 27, 1967. The motion to quash was heard and denied on December 22, 1967, and the case continued until February 2, 1968.

On February 2, 1968, the case was again continued by agreement to February 20, 1968, on information supplied by the court that the defendant was in the hospital. On February 20, 1968, the court stated that the defendant was still in the hospital and the assistant public defender asked that the case be put over for three weeks. On motion of defendant, the case was continued to March 19, 1968. On March 19, 1968, the defendant was not in court and his counsel stated an investigator would be sent out. The case was continued on motion of defendant until April 23, 1968.

On April 23, 1968, the defendant did not appear and the trial judge had his bailiff "check him out." The bailiff told the judge that the defendant was still in the hospital. The assistant public defender stated that "our file reflects he [defendant] had been in the hospital the last couple of times." The case was continued, with the consent of the assistant public defender, until June 4, 1968. On June 4, 1968, a deputy sheriff reported that the defendant was still in the hospital. The assistant public defender told the court that he had received no word from defendant and thought the defendant was in the hospital. The case was continued until July 19, 1968.

On July 19, 1968, it was learned for the first time that the defendant had been sent to the penitentiary on another offense. The case was continued by order of the court until August 1, 1968. On August 2, 1968, the defendant appeared in court and filed a petition for discharge. The State asked for time to answer and the case was continued until August 6, 1968, on order of court.

On August 6, 1968, the defendant testified that he was in Cook County Hospital from February 2 to February 8, 1968, suffering from a heart attack. After his release from the hospital, he was held in custody at the Cook County Jail until May 2, 1968, when he was taken to the penitentiary. He further testified that on February 8, 1968, he wrote letters to the public defender, the prosecutor, and the court indicating that he was ready for trial. He never received any replies to these letters. He did not talk to a public defender from the time he returned to the Cook County Jail on February 8, 1968, until the time he was taken to the penitentiary on May 2, 1968. In none of his letters did he ever ask the court or his attorney to request a delay or continuance. After hearing argument, the trial court granted defendant's motion for discharge.

■■ On appeal, the State contends that the defendant was bound by the continuances requested in his absence by his counsel and, therefore, was not entitled to a discharge since he occasioned the delays. In People v. Woods, 27 Ill2d 393, 189 NE2d 293, the court held that the defendant was bound by his counsel's consent and agreement to the advancement and continuance of his case, even though this request was made in the defendant's absence. At page 396 the court stated:

> In our judgment the ordinary, uncontested motion for a continuance, or to advance and then continue a case, does not involve rights of the accused of such a substantial nature as to invalidate any action thereon occurring in his absence. Even assuming a contrary conclusion, the right to be present at a hearing upon a motion for a continuance, or advancement and continuance, may be waived by defendant, or by his counsel on his behalf.

See also in accord State v. Holmes (Mo), 428 SW2d 571 (1968).

In the instant case, the record shows that on February 2, 1968, the case was continued by agreement; that on February 20, 1968, the assistant public defender asked that the case be put over for three weeks; that on March 19, 1968, the assistant public defender told the court that an investigator would be sent out; that on April 23, 1968, the assistant public defender stated that his file reflected that the defendant had been in the hospital and on motion of defendant the case was continued; and that on June 4, 1968, the assistant public defender told the court that he had received no word from the defendant, and on motion of defendant the case was again continued.

Defendant argues that since he did not agree to the continuances nor cause or contribute to the delay, the trial court properly discharged him. Defendant cites People v. Williams, 27 Ill2d 327, 189 NE2d 314; People v. Gray, 33 Ill2d 160, 210 NE2d 486; People v. House, 10 Ill2d 556, 141 NE2d 12; and People v. Wyatt, 24 Ill2d 151, 180 NE2d 478, in support of his argument. However, these cases are distinguishable from the instant case. In Williams, supra, and Gray, supra, neither defendant was personally present in court nor represented by counsel when a motion for continuance was allegedly made and granted in his behalf. Therefore, the court held that the 120-day discharge period was not tolled. In House, supra, and Wyatt, supra, the court held that it would be "a mockery" if a trial court was permitted to ascribe to a defendant, when appearing for arraignment and without counsel, a motion for continuance which he did not make and thereby toll the running of the 120-day discharge period.

In the instant case, however, the defendant was fully and adequately represented by an assistant public defender from July 3, 1967, until August 6, 1968. Furthermore, the motions for continuances which were requested

370

by defendant's counsel were made months after defendant's arraignment.

We find that defendant was bound by the acts of his counsel and that the delays occasioned by him tolled the running of the 120-day limitation. Therefore, the court erred in granting defendant's motion for discharge. The judgment is reversed and the cause is remanded with directions to deny defendant's motion for discharge and to proceed with trial.

Reversed and remanded with directions.

ENGLISH and LEIGHTON, JJ., concur.