THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES CARUTH, Defendant-Appellee.

(No. 55567; )

First District—March 7, 1972.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

Gerald W. Getty, Public Defender, of Chicago, (Lee T. Hettinger and James J. Doherty, Assistant Public Defenders, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant was arrested on May 12, 1970, and charged with the offense of theft of American Express money orders valued in excess of $150. The cause was continued several times in the months that followed, and, on September 22, 1970, after he had been indicted and arraigned, defendant moved for discharge because of the State's failure to bring him to trial within 120 days as required by Ill. Rev. Stat., ch. 38, par. 103—5.[1] A

---

[1] The statute provides, in part:

(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *.

(d) Every person not tried in accordance with sub-sections (a), (b) and (c) of this Section shall be discharged from custody or released from the obligations of his bail or recognizance.

hearing was held on October 2, 1970, and the motion was granted. The State now appeals seeking to reverse that order, contending that the delay was caused by defendant.

On the day following defendant's arrest, a preliminary hearing was held to determine whether probable cause existed to hold him over to the grand jury. Defendant appeared without counsel and the court apprised him of the nature of the charges against him. Responding to defendant's request for a reduction in bond, the court inquired into his background. Defendant conceded that his record was "pretty bad" but stated, however, that the record was not really as bad as it looked on paper. He charged that someone had sent his record of bad checks to his creditors, and he asserted, "If I could get a good lawyer and good investigator, you will find this was sent to the Small Business Association. Somebody geared this record and sent it to the Small Business Association." At the conclusion of the colloquy, the judge refused to lower the bond and continued the hearing to June 11, 1970. The record indicates that the court marked the continuance "Motion State." Having not yet been brought to trial, defendant filed a petition for discharge on September 22, 1970, and, on October 2, 1970, it was granted. A subsequent motion by the State to vacate that order was denied.

In its appeal from the order discharging defendant under Ill. Rev. Stat., ch. 38, par. 103—5, the State contends that the continuance granted at the May 13th proceeding is attributable to defendant and not the State, that this delay tolled the 120 day statutory period, that the new period had not run at the time of the hearing on defendant's petition for discharge, and that the court below therefore erred in granting the discharge.

*Opinion*

The statute relied upon by defendant provides that he is entitled to discharge if not tried within 120 days from the time of arrest or from the time a delay is occasioned by him. A period in excess of 120 days passed from the date of defendant's arrest until presentation of his petition, and he was therefore entitled to discharge unless any of the delays were attributable to him. The only issue which we are called upon to decide is whether defendant caused a delay which tolled the statute.

■■ It is well settled that when a defendant requests a continuance and it is granted, the delay is attributable to him. (*People v. Canada,* 1967, 81 Ill.App.2d 220, 225 N.E.2d 639.) Even when defendant does not expressly seek a continuance, but nevertheless causes a delay in the proceedings, the statute is tolled and the 120 day period begins to run anew. (*People v. Stuckey,* 1967, 83 Ill.App.2d 137, 227 N.E.2d 135.) Here the record indicates that the continuance granted at the prelimin-

ary hearing on May 13, 1970, was upon motion by the State. Even though the record ordinarily imparts verity, when other facts which appear in the report of proceedings are contradictory, a reviewing court must consider the matter on the basis of the record as a whole. (*People v. Williams,* 1963, 27 Ill.2d 327, 189 N.E.2d 314.) And it has been held that when the report of proceedings indicates that defendant was responsible for the continuance, even though the common-law record attributes it to the State, defendant is not entitled to discharge. (*People v. Williams,* 1961, 31 Ill.App.3d 230, 175 N.E.2d 576 (Abst.).) Therefore, unless our examination of the May 13th proceedings leads us to fairly conclude that defendant was in fact responsible for that continuance, he is entitled to discharge.

The statements by defendant which are contended to have caused the delay in question are contained in the following colloquy:

"The Court: What is defendant's background?

Mr. Caruth: Pretty bad, your Honor.

Mrs. Manning [for the State]: Extensive.

Mr. Caruth: But this time, I tried to go straight, mostly checks in the background. It looks bad on paper, your Honor, but it is really not as bad as it shows on the paper, your Honor.

The Court: Does it show checks in the past?

Mrs. Manning: Yes, Judge.

Mr. Caruth: They passed this all over town to my creditors, sent it to the bank. *If I could get a good lawyer and good investigator, you will find this was sent to the Small Business Association.* Somebody geared this record and sent it to the Small Business Association. And I got in the middle of a couple of gangs in my grocery store that I had, and this just put me out of business. [emphasis supplied].

The Court: You were operating a grocery store?

Mr. Caruth: Yes, sir, and about $10,000 a week, and I had an American Express Agency in there.

Mrs. Manning: Your Honor, the record indicates an extensive background in the area of con games, theft and related offenses.

The Court: June 11, I will let the same bond stand. June 11th."

The State argues that defendant's assertions during that proceeding amounted to a statement that if he had the time and help, he could clear himself of the charges against him. Given that interpretation, the continuance granted by the court could be assumed to be for the purpose of giving defendant the time he needed to do so and was solely for his benefit. On this basis the State contends that the delay is attributable to defendant.

In support of this argument, the States relies upon *People v. Barnes,*

1969, 118 Ill.App.2d 128, 255 N.E.2d 18. In that case, defendant stated at the preliminary hearing that they had the wrong man and that he had alibi witnesses who could verify his presence elsewhere at the time the crime was committed. The court instructed defendant to bring in his witnesses and continued the case, noting that the continuance was on motion of defendant. On review, it was held that this delay was attributable to defendant and that the statute had been tolled. The court stated, at page 132:

"Although the judge could have held defendant over to the grand jury immediately, he afforded defendant an opportunity to bring in his witnesses. Notwithstanding defendant's later statement that he had no way of bringing the witnesses into court, we believe that the judge at the preliminary hearing was extending an additional benefit to defendant in granting the continuance, and that the delay must be attributable to defendant."

In the case at bar, the State maintains that the judge at the May 13th proceeding was extending a similar benefit to Caruth.

While the *Barnes* case is similar to the situation at bar, we believe that it is distinguishable and not controlling here. In *Barnes* the record reflected that the continuance was attributed to defendant at the time it was granted. Since this attribution gave rise to a presumption that defendant caused the delay, that court merely decided that defendant's statement supported the presumption and that there was not sufficient evidence to overcome it. Here, however, we have a situation in which the delay was noted by the court as a motion by the State. Since the presumption arises in favor of defendant in this case, his own statements are being used to rebut the presumption instead of supporting it as in *Barnes*. We are therefore confronted with a different issue. We must decide whether the same type of statement by defendant is sufficient to overcome the presumption by examining the record as a whole to determine whether defendant in fact caused the delay.

Initially, we note that the same judge who granted the continuance at the May 13th proceeding later heard argument and denied a motion by the State to reform the record to reflect that the continuance was actually upon motion of defendant. The same contentions urged at that hearing are presented here. In denying that motion, the preliminary court judge stated:

"The State is, in effect, asking me to imply from those statements [made at the preliminary hearing, that] the defendant was really asking for a continuance, and I cannot do that. I am bound, I feel, more by the order that I, myself, entered on the court sheet. It is my handwriting and it shows 'motion State.' Now, this coming before me

so many months later, it is difficult for me to say [that I gave him a continuance because he wasn't ready]. I feel that I would be doing an injustice.

I state this as part of the record. I thought of my entire operation * * *, I sometimes would enter an order, where I see neither side is really ready, and I unconsciously will make it 'motion State,' even though defendant may not be ready at that time. But unless he asks for a continuance, I would give him the benefit of the doubt and make it 'motion State,' even though the State may not be asking for it at that time."

While we are not bound by this decision rendered below, we believe that the above statement, by the judge who ordered the continuance in question, is a significant indication that defendant did not cause the delay. After examining the transcript of the May 13, 1970 proceedings, the preliminary court judge could not bring to mind any fact which would lead him to conclude the defendant expressly or impliedly asked for a delay, and we believe that this raises a strong inference that he did not. Unless we can come to a contrary conclusion from our review of that transcript, we do not believe that the judgment of dismissal should be disturbed.

The record of the May 13th proceeding shows that two decisions were made at that time. The court refused to lower the bond which had been previously set, and it continued the preliminary hearing to June 11, 1970. In order to conclude that defendant's statements effectively caused the delay in question, we must find that those statements were addressed to the latter decision. We cannot do so. It was with reference to the request for reduction in bond that the court inquired into defendant's prior record of offenses. And it was within the same context that defendant off-handedly asserted that his criminal record had been circulated to his creditors and the Small Business Association, and that if he had appropriate professional assistance, he could prove that this was true. While it would perhaps be feasible to conclude the defendant was implying that he could clear himself of the charges against him if he had more time, we believe that such an interpretation is a strained one and was not in fact contemplated by the court when the continuance was entered.

■■ On the basis of our review of the record as a whole, we conclude that no statement made by defendant could be fairly interpreted as the cause of the delay in question. In reaching our decision, we rely upon two cases dealing with analogous fact situations. In *People v. House*, 1957, 10 Ill.2d 556, 141 N.E.2d 12, and *People v. Wyatt*, 1962, 24 Ill.2d

151, 180 N.E.2d 478, our Supreme Court rejected arguments that statements made by defendants caused delays which tolled the statute. In both cases the statements could far more easily be found to imply requests for more time than those in the case at bar. In the *House* case, the court made the following statement, at 10 Ill.2d 556, 559, which we deem apropos:

"The constitutional guarantee of a speedy trial would be a mockery, indeed, if this court were to permit the State's Attorney and trial court, either with intent or through inadvertence, to ascribe to the defendant, when appearing for arraignment and without counsel, a motion for continuance which he did not make, and thereby toll the running of this statute."

For the reasons expressed above, we affirm the order of discharge.

Judgment affirmed.

LEIGHTON and SCHWARTZ, JJ., concur.