THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GORDON POTEAT, Defendant-Appellee.

(No. 55955;

First District (3rd Division)—June 21, 1973.

*Rehearing denied July 26, 1973.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel,) for the People.

David Lincoln Ader, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court discharging the defendant, Gordon Poteat, because he was not tried within

120 days of his arrest. The State contends that the defendant's motion for discharge was erroneously granted since he was responsible for a delay which tolled the running of the statute. Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a).

Poteat, charged with aggravated battery and attempt murder, was taken into custody on September 6, 1970, and appeared in court on September 8th. The victim of his alleged attack was in a hospital and a continuance was requested by the State. The defendant's bond was set and he was informed that the case would be continued to September 30th. The court told him that on September 30th he could have the services of the public defender if he was unable to afford his own lawyer.

On September 30th he was not represented by counsel and the hearing was postponed on motion of the defendant until October 15th. Poteat was subsequently indicted. He did not obtain his release on bail and on January 29, 1971, he filed a motion for discharge which alleged that he had been incarcerated for more than 120 days and, without fault on his part, had not been brought to trial. The motion was granted.

At issue is whether the continuance of September 30, 1970, was properly attributed to the defendant. The complaining witness was in court on that date and the State, ostensibly, was ready to proceed with the preliminary hearing. The following colloquy took place:

"The Clerk: Gordon Poteat.

The Court: Are you Gordon Poteat?

The Defendant: Yes sir.

The Court: You are charged with attempted murder, using a butcher knife at one said Bernice Stevens—Is Bernice Stevens here?

The Complainant: Yes.

The Court: Are you ready for trial?

The Defendant: No.

The Court: When do you suppose you will be ready for trial?

The Defendant: I don't know.

The Court: You were arrested September 7th and you still want a continuance?

The Defendant: Yes.

The Court: Why?

The Defendant: To get a lawyer.

The Court: Motion defendant. October 15th."

Poteat testified in support of his motion for discharge that on September 30th he was confused by the court's question, "Are you ready for trial?" He said he recently had come to Illinois from Georgia and had no prior involvement in criminal proceedings; he did not know if by

the word "trial" the judge meant that a determination of his guilt or innocence would be made; if the judge had explained the nature of a preliminary hearing and that the public defender was available to him, he would have known what was going on, would have accepted legal assistance and would not have asked for a continuance.

■■ The defendant was 20 years old, was a high school graduate and had attended a vocational school. He had been told on September 8th that if he had no lawyer of his own on September 30th he could have the services of the public defender. Moreover, it was brought out at the hearing on the motion to discharge that between his first court appearance on September 8th and his second on September 30th, he wrote his mother and she telephoned a cousin of his in Chicago. The cousin visited him in jail and at one of these visits, which occurred three days before September 30th, told him they were going to get him a lawyer. Poteat was asked what the cousin said and he replied:

"A. He said they would go about trying to get some help for me; first, try and find out what they is going to do. So when I went to court and the judge asked if I was ready for trial I asked for a continuance."

His family did engage an attorney and this attorney appeared for him at the preliminary hearing which was held at the next court date, October 15th. The same attorney filed the motion for discharge, represented him at that hearing and represents him in this appeal.

Ill. Rev. Stat. 1969, ch. 38, par. 103—5(a) provides:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *"

"(d) Every person not tried in accordance with subsections (a), * * * of this Section shall be discharged from custody * * *."

In resolving the issue of whether the delay was occasioned by the defendant the criterion in each case is whether the defendant's acts caused or contributed to the delay. *People v. Fosdick* (1967), 36 Ill.2d 524, 224 N.E.2d 242; *People v. Walker* (1968), 100 Ill.App.2d 282, 241 N.E.2d 594.

To sustain the order of the trial court Poteat principally relies on the cases of *People v. House* (1957), 10 Ill.2d 556, 141 N.E.2d 12, and *People v. Wyatt* (1962), 24 Ill.2d 151, 180 N.E.2d 478. In *House*, the court proposed a continuance in order to notify the attorney representing the defendant who did not appear when the defendant was brought into court for arraignment. The defendant did not move for the continuance and it was held that the delay could not be ascribed to him. In *Wyatt*,

the court, at the defendant's arraignment, ordered a continuance charged to him upon the representation of a bystander that private counsel was to be secured. It was held that the defendant was not responsible for the delay although he acquiesced in the continuance; since the court proposed the delay the defendant's agreement could not convert the offer of the court into a request on his part.

In this case there was no outside interference, and Poteat did more than acquiesce in the continuance as in *House* and *Wyatt*—he asked for it. He told the court that he was not ready for trial and did not know when he would be ready, and that he wanted a continuance to get a lawyer. Even where no delay is requested, if the delay is caused by the actions of the defendant, the 120-day statute will be tolled. (*People v. Barnes* (1969), 118 Ill.App.2d 128, 255 N.E.2d 18; *People v. Stuckey* (1967), 83 Ill.App.2d 137, 227 N.E.2d 135.) The record reveals that when Poteat said he wanted time to get a lawyer he knew that his family was attempting to secure one for him. The delay from September 30th to October 15th was not only caused by him but was granted at his specific request.

In ordering the defendant discharged, the trial court found that he had not been advised of his right to counsel, that he was confused by the designation of the preliminary hearing as a trial, that the continuance to October 15th was forced upon him and should not have been attributed to him. We reach the opposite conclusion. The period of incarceration without a trial which was not chargeable to him commenced on October 15, 1970—not on September 8th. The statutory limit of 120 days had not expired by January 29, 1971, and the defendant should not have been discharged.

Reversed and remanded.

McNAMARA and McGLOON, JJ., concur.