THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARRION LOGAN, Defendant-Appellant.

First District (1st Division)   No. 81—1188

Opinion filed June 30, 1983.

McGLOON, J., dissenting.

James J. Doherty, Public Defender, of Chicago (Gerald T. Winiecki, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Mary A. McKenzie, Assistant State's Attorneys, of counsel), for the People.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Marrion Logan, was found guilty in a jury trial of murder and was sentenced to 50 to 100 years to run consecutively to a sentence he was already serving. Defendant appeals from his conviction and sentence.

Defendant raises the following issues before this court: (1) whether defendant's statutory right to a speedy trial was violated; (2) whether the prosecutor's use of peremptory challenges to exclude blacks from the jury violated defendant's right to an impartial jury; (3) whether a lineup identification of defendant was improperly admitted at trial where defendant's counsel was not present at the lineup; and (4) whether the entry of a consecutive sentence was proper in the alleged absence of a finding on the record that such a sentence was necessary for the protection of the public.

Defendant was charged with the murder of Raymond Hord. No issues are raised with respect to the sufficiency of the evidence. The evidence produced at trial established that defendant and his girlfriend were at the Good Rockin Lounge at 12:30 a.m. on July 1, 1976. The victim was also there with a group of friends. Witnesses for the State testified that the defendant kicked the victim and smudged the victim's white slacks. An argument ensued and defendant and the victim were asked to leave the bar. The victim left but the defendant refused to leave. After a short time defendant and his girlfriend left. Defendant returned 15 minutes later wearing a full-length trench coat and demanded that the bar patrons tell him where the victim went. He then opened his trench coat and raised a shotgun. Defendant left the bar and got into a car parked across the street. He began to drive away when he spotted the victim sitting in a car. Defendant and the victim got out of their cars. The defendant told the victim that he was going to kill him and fired three shots, striking the victim once in the chest and killing him. Defendant got into his car and drove away. He stopped his car a few blocks away and shot randomly toward the murder scene. Defendant testified on his own behalf that he had never been to the Good Rockin Lounge and that at the time of the incident he was spending the weekend with some friends in Homestead, Illi-

nois.

■ The first issue raised by defendant is whether the trial court erred in denying defendant's timely motion for discharge because the statutory term of the speedy trial act had run. (Ill. Rev. Stat. 1975, ch. 38, pars. 103—5(a) through (f).) Defendant claims that he was not brought to trial within 160 days of the date that his attorney answered ready and demanded trial.

On September 15, 1980, defendant answered ready for trial. The case was continued several times by motion of the State until December 11, 1980, when the State answered ready for trial. The case was continued three more times by order of the court until February 17, 1981. On February 17, defendant's case was called but the defense attorney was not present. The following colloquy occurred:

"THE CLERK: Marion Logan. Marion Logan.

THE COURT: You had better have Dorfman call him again, and talk to him, himself, because you know, · secretaries have romance on their minds and other things. You cannot rely upon them to convey the message, properly. Mr. Logan, your lawyer is not here. I understand he was in the building, earlier, and there must be some reason, some inconsistency or some other reason that he is not here, so we will have to hold your case on the call until tomorrow and remand you to the custody of the Cook County Sheriff.

THE DEFENDANT: All right.

THE COURT: I will see you in the morning.

THE DEFENDANT: All right.

THE COURT: It is 2:25 p.m. That is order of Court, February 18th. That concludes the call."

The trial court's entry on the memorandum of orders indicated that the continuance was by order of the court. The following day the defense attorney appeared but the State requested a continuance. The State indicated that defense attorney had just tendered a new list of alibi witnesses and the State wanted to interview the witnesses. The case was continued until March 2 and again until March 9 on motion of the State. On March 9, 1981, defendant filed a petition for discharge under the speedy trial act alleging that 175 days had elapsed since defendant answered ready for trial.

During argument on the petition for discharge, the State asserted that the continuance entered on February 17 was attributable to defendant since defense counsel did not appear in court on the day when the case was called. Defense counsel advised the court that on February 17 he was in the courthouse but when he called his office

his secretary informed him that it was not necessary to proceed to court since the court clerk had telephoned and indicated that the case was being held on call until the following day. The trial court denied defendant's petition and changed its previous order of February 17 to indicate that a continuance was granted on motion of defendant. The trial in this matter commenced on March 23, 1981.

Defendant contends that in the period between the time he demanded trial on September 15, 1980, and the filing of the petition for discharge on March 9, 1981, defendant did nothing to delay trial nor did he request or agree to a continuance. Defendant argues that defendant's response, "All right," to the judge's decision to hold the case until the next day was not a continuance by agreement and did not constitute a waiver of the right to a speedy trial even though the defendant did not object to the court's order. Defendant argues that on the previous court date (January 30, 1981) there was no indication that the case was set for trial on February 17, so the fact that defense counsel failed to appear did not delay the trial of defendant's case. Further, defendant argues that the trial court should have asked the defendant if he was ready to proceed to trial without counsel. Since the court was aware that the term was running, the court should have informed defendant that the continuance would break the term.

The State argues that a delay caused by the failure of defendant's counsel to be in court on the appointed day is properly attributable to defendant under *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658, and tolled the running of the statute. We agree. The supreme court held that where "a continuance or delay in trial is occasioned because the counsel of an accused is engaged elsewhere, it is a delay properly charged to the accused." (46 Ill. 2d 348, 354, 263 N.E.2d 840, 845. Accord, *People v. Spurlark* (1979), 74 Ill. App. 3d 43, 392 N.E.2d 214; *People v. Solheim* (1977), 54 Ill. App. 3d 379, 369 N.E.2d 308; and *People v. Howard* (1975), 34 Ill. App. 3d 145, 340 N.E.2d 53.) The court reasoned that,

> "To hold to the contrary, in our opinion, would be incompatible with the letter and spirit of the implementing statute and would serve only to provide a weapon with which the administration of criminal justice could be avoided or unduly harassed." (46 Ill. 2d 348, 354, 263 N.E.2d 840, 845.)

Defendant urges that his failure to appear only resulted in a one-day postponement of the matter. Such an exception is not found in the speedy trial act. Furthermore, the fact that the matter was delayed

for only a day is merely a fortuitous consequence of both the trial judge and the prosecutor being available to hear the matter the next day. The defense attorney was present in court when the case was set for February 17. On February 17, the defense attorney was called in the morning and again in the afternoon yet he failed to come to court. When he still did not appear by midafternoon the case was continued until the following day. Under the circumstances, the trial court correctly denied defendant's motion for discharge.

■ Furthermore, the trial court did not err in failing to ask the defendant if he wanted to proceed to trial without counsel when, as here, the trial court knew that defendant was represented by counsel and counsel had answered ready for trial. In *Hairston*, the court determined that the fact that a defendant was not tried within the statutory period of the speedy trial act because his counsel failed to appear did not bring the two constitutional rights, the right to a speedy trial and the right to be represented by the counsel of his choice, into conflict or put an accused in a position of having to elect between rights. The court stated that "both constitutional rights were designed for the protection of the accused, and it could not have been intended that one could be played against the other in order to provide an avenue to escape prosecution." 46 Ill. 2d 348, 354, 263 N.E.2d 840, 845.

■ The second issue raised by defendant is whether the prosecutor's use of seven of eight peremptory challenges exercised to exclude blacks violated defendant's right to an impartial jury. If the State's peremptory challenges were exercised in the manner and form defendant alleged, as reprehensible and sinister as this practice may be, the use of peremptory challenges to exclude members of one race from the jury does not deprive defendant of a fair trial under *People v. Williams* (1983), 97 Ill. 2d 252. The court indicated that it would not depart from the holding in *Swain v. Alabama* (1965), 380 U.S. 202, 223, 13 L. Ed. 2d 759, 774, 85 S. Ct. 824, 837, which concluded that only a systematic and purposeful exclusion of blacks from the jury in case after case raises a question under the fourteenth amendment. See *People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353.

■■ Defendant's third contention of error is that he was denied his sixth amendment right to counsel. While defendant was in custody and awaiting trial on an unrelated charge, he was placed in a lineup conducted pursuant to the investigation of the present case. At that time defendant was represented by counsel on the other matter. Defendant allegedly requested that the lineup be delayed until his attorney, who was on his way to the jail arrived, but it was not. When

the lineup took place, defendant had not been charged or indicted in this case.

It has been established that the right to counsel attaches to "lineups conducted after the initiation of adversary judicial criminal proceedings against an accused by whatever means." (*People v. Burbank* (1972), 53 Ill. 2d 261, 272, 291 N.E.2d 161, 167, *cert. denied* (1973), 412 U.S. 951, 37 L. Ed. 2d 1004, 93 S. Ct. 3017.) A defendant does not have a constitutional right to counsel at a pre-indictment lineup unless adversary proceedings have been initiated such as by formal charge, preliminary hearing, indictment, information or arraignment. (*Burbank; Kirby v. Illinois* (1972), 406 U.S. 682, 32 L. Ed. 2d 411, 92 S. Ct. 1877.) The right of counsel does not arise merely because when the lineup was held, defendant was in custody in an unrelated criminal matter. (*People v. Agee* (1981), 100 Ill. App. 3d 878, 427 N.E.2d 244; *People v. Earl* (1979), 78 Ill. App. 3d 188, 397 N.E.2d 97.) The State has not initiated formal prosecution against defendant on the matter being investigated, and the lineup was not used in the earlier case. (*Agee.*) Further, if the right of counsel did not attach, it was not error to proceed with the lineup despite defendant's alleged request that his attorney be present.

■ Lastly, defendant contends that his consecutive sentence should be vacated and his case remanded for resentencing because the trial court failed to make a finding that a consecutive sentence was necessary for the protection of the public. Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—4(b)) provides:

> "The Court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court shall set forth in the record."

The act does not require the trial judge to specifically repeat the statutory language in order to make the required finding that a consecutive sentence is necessary for the protection of the public although to do so would be the better practice. (*People v. Pittman* (1982), 93 Ill. 2d 169, 177-78, 422 N.E.2d 836.) "What is required is that the record show that the sentencing court is of the opinion that a consecutive term is necessary for the protection of the public." *People v. Pittman* (1982), 93 Ill. 2d 169, 178, 442 N.E.2d 836, 840.

■ In the present case, the trial judge stated that he had considered defendant's record, the presentencing report and the arguments

at sentencing which urged that defendant was dangerous even to people in his own neighborhood (see *People v. Thomas* (1981), 98 Ill. App. 3d 852, 859, 424 N.E.2d 985, 991). The court also noted defendant had committed a calculated murder of the victim over the slightest of consequences, indicating that the defendant was "a homicidal person." The record at the sentencing hearing provides ample support for the trial judge's imposition of a consecutive sentence.

For the foregoing reasons, defendant's conviction and sentence are affirmed.

GOLDBERG, J., concurs.

JUSTICE McGLOON, dissenting:

I respectfully dissent from the decision of my colleagues on the issue of whether defendant's right to a speedy trial was violated. As the majority indicates, the trial court's entry on the memorandum of orders clearly discloses that on February 17, 1981, the court continued the case "by order of court." Thereafter, two continuances were granted on motion of the State until March 9, 1981. Defendant filed his petition for discharge based upon the fact that 175 days had elapsed since he answered ready for trial. The petition was denied and the order of February 17, 1981, was altered to indicate that a continuance was granted on defendant's motion.

In *People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242, the Illinois Supreme Court established the criteria which this court must follow in determining whether a defendant's acts contributed to delay in bringing him to trial. The court, in *Fosdick*, held that the provisions of section 103—5 (Ill. Rev. Stat. 1979, ch. 38, par. 103—5(a) through (f)) were designed to implement the speedy trial rights and must be liberally construed. The facts of each case must be carefully examined to prevent a "mockery of justice" either by technical evasion of the right to a speedy trial by the State or by a delay truly caused by defendant. *Fosdick*.

Having examined the facts of the instant case under the liberal construction doctrine in *Fosdick*, I conclude that the trial court erred in denying defendant's petition for discharge.

The instant case was not scheduled for trial on February 17, 1981. The State did not indicate it was ready to proceed to trial on that date. Furthermore, the very next day, the State indicated that it was not ready and requested a continuance. At the hearing on the petition to discharge, defendant's attorney testified that he was prepared to

go to trial on February 17, 1981. However, when he called his office his secretary informed him that she had received several calls from the court clerk, Mr. Kerr, and had been advised that the matter was being held on call until February 18, 1981, by order of the court. Most importantly, my examination of the record fails to disclose that defendant made a motion for continuance on February 17, 1981. (*People v. House* (1957), 10 Ill. 2d 556, 141 N.E.2d 12; *People v. Wyatt* (1962), 24 Ill. 2d 151, 180 N.E.2d 478.) In the instant case, the court informed defendant that his attorney was not present and stated "*** *we* hold your case on call until tomorrow ***." (Emphasis added.) Similarly, in *House* and *Wyatt*, the defendants appeared at arraignment without counsel and the trial judge suggested that their cases be continued. I am unable to see, as was the supreme court in *Wyatt*, how the fact that defendant was willing to take advantage of the court's offer to hold the case converted the offer into a request for delay on motion of defendant. The court in *House* concluded:

"The constitutional guarantee of a speedy trial would be a mockery, indeed, if this court were to permit the State's Attorney and trial court *** to ascribe to the defendant, when appearing for arraignment and without counsel, a motion for continuance which he did not make, and thereby toll the running of this statute." (10 Ill. 2d 556, 559, 141 N.E.2d 12, 14.)

Accordingly, I believe that the delay which occurred was attributable to the court rather than defendant. The trial court should have granted defendant's petition for discharge.