THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL L. SCOTTI, Defendant-Appellee.

Second District No. 84—0019

Opinion filed March 12, 1985.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner and Diana Fischer Woods, Assistant State's Attorneys, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Thomas W. Jordan, of Chicago, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

In this case, the State appeals the order of the circuit court of Du Page County dismissing the charges of theft and burglary-to a motor

vehicle against the defendant, Michael L. Scotti, for violation of his right to a speedy trial. The State acknowledges that more than 160 days have expired since the defendant requested a speedy trial, but it asserts that a significant portion of the delay was attributable to the defendant.

Charges against the defendant were initiated by complaint on March 23, 1983, and a preliminary hearing was held May 12. The trial court found no probable cause regarding the charge of theft, but did find probable cause concerning the charge of burglary to a motor vehicle. The defendant filed a written demand for speedy trial that same date, and the cause was continued to May 23 for arraignment. Defense counsel was absent from court on May 23 due to the hospitalization of a family member and requested a continuance. The court postponed the arraignment to June 8, 1983.

On June 8, defense counsel was again not present, but since the State was not ready to file an information, it moved for a continuance to June 20. The defendant was arraigned on June 20, and the court set August 1 for additional motions and August 16 for trial. When the case was called on August 16, defense counsel was again not present, and the court, noting that it was already engaged in a jury trial, set a new trial date of November 1. When asked by the assistant State's Attorney if that was on the court's motion, the court responded that it was.

The defendant, having been incarcerated on an unrelated burglary charge, was not "writted in" for trial on November 1, and the case was continued to November 14, 1983. On that date the defendant was present with counsel, but the assistant State's Attorney assigned to the case was involved elsewhere in trial. An alternate assistant State's Attorney did note that a speedy trial demand was on file and defense counsel, after reviewing the file, observed that the speedy trial term had expired 10 days earlier on November 4. The defendant thereupon moved for dismissal on the grounds that he had been denied a speedy trial.

At the hearing on the defendant's motion to dismiss, defense counsel stated that he had arrived 20 minutes late on August 16, and had notified the State at that time that he was ready to proceed. The State, however, told him that the complainant was not present and had not been subpoenaed. The court then continued the hearing to November 21, 1983, and ordered a transcript of the events of August 16.

On November 21, the defendant was not present because the Department of Corrections had inadvertently failed to respect the

court's writ and the hearing was continued to December 6, 1983. On December 6, the matter was heard and the defendant argued that the record of August 16 spoke for itself where the court stated:

"THE COURT: Are you represented by an attorney?

DEFENDANT SCOTTI: Yes.

THE COURT: His name?

DEFENDANT SCOTTI: Tom Jordan.

THE COURT: Have you talked to him this morning?

DEFENDANT SCOTTI: Not this morning, no.

THE COURT: Your case is set for jury trial this morning.

However, the Court is engaged in a jury trial, and your case will not proceed to trial, so I'll give you a new date, and you can inform your attorney as soon as possible.

I'll set the matter for November 1st at 9:30 in Courtroom 304.

MR. FISHER: That's on the Court's motion?

THE COURT: Yes."

The State responded that since defense counsel was not present on August 16 when the case was called, the delay was attributable to the defendant. However, the court thereupon granted the defendant's motion and dismissed the charges.

In the instant case, the State acknowledges its obligation to bring the defendant to trial within a term of 160 days under section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b)). It also concedes that the delay between June 8 and June 20 is attributable to it notwithstanding the absence of defense counsel on the former date, because the assistant State's Attorney admitted that he was not prepared to proceed. Further, the State does not contest responsibility for the 13 days of delay from November 1 to November 14. The defendant, in turn, admits that the 16-day delay from May 23 to June 8, 1983, occasioned by the absence of defense counsel, was delay attributable to the accused and should not be counted in computing the date upon which the 160-day term expired. The parties disagree, however, as to which side bears responsibility for the delay of the trial from August 16, 1983, to November 1. This is the issue before this court.

■ ■ It is clear that when defense counsel fails to appear in court at the appointed time, his absence causes a delay attributable to the defendant. (*People v. Hairston* (1970), 46 Ill. 2d 348, *cert. denied* (1971), 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Logan* (1983), 117 Ill. App. 3d 753; *People v. Brown* (1981), 94 Ill. App. 3d 609, *aff'd* (1982), 92 Ill. 2d 248; *People v. Spurlark* (1979), 74 Ill.

App. 3d 43.) Where a continuance of the proceedings is necessitated by the absence of counsel, it is immaterial that the continuance itself is obtained on motion of the court or the State. (*People v. Logan* (1983), 117 Ill. App. 3d 753; *People v. Brown* (1981), 94 Ill. App. 3d 609; *People v. Boyce* (1977), 51 Ill. App. 3d 549.) We conclude, therefore, that despite the court's statement that the continuance was granted on its motion, "the defendant's acts in fact caused or contributed to the delay" (*People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29), and tolled the statutory 160-day statutory period.

█ The defendant argues, however, that regardless of defense counsel's tardiness, the State was not ready to proceed on August 16 because the complainant was not present. A similar contention, however, was rejected in *Boyce*, where the court stated:

> "Even assuming, *arguendo*, that the State was not in a position to proceed, the delay would nonetheless be attributable to the defendant. Where there are two reasons for delay, one due to the State, and the other due to the defense, the fact that the delay was partly attributable to the defendant is sufficient to toll the statutory term. (*People v. Partee* (1974), 17 Ill. App. 3d 166, 308 N.E.2d 18.)" (*People v. Boyce* (1977), 51 Ill. App. 3d 549, 554.)

Further, *People v. Beyah* (1977), 67 Ill. 2d 423, and *People v. Wyatt* (1962), 24 Ill. 2d 151, relied upon by defendant, are distinguishable. In both of those cases, the defendant was discharged on account of delay resulting from a court-ordered continuance, but in neither had the continuance been necessitated by the failure of defense counsel to appear for trial.

Since we hold that the 77-day delay between August 16 and November 1, 1983, was attributable to the defendant, it was error for the trial court to dismiss the charges against the defendant on December 6, 1983. The order of the circuit court of Du Page County is therefore reversed and the cause is remanded.

Reversed and remanded.

NASH, P.J., and REINHARD, J., concur.